## LYMAN *vs.* CHAPIN.

A testator made his will, containing the following devise. "It is my wish, and will, that the said C shall continue to live upon and occupy said farm, free from rent and any charge, other than supporting his wife and children, and so long as he shall continue to support his said wife and children, during his natural life, he shall have liberty to live upon, occupy and enjoy said farm free from any charge, other than the support of his said wife and children." After sundry bequests to the other children of the testator, said will proceeded as follows. "I give and bequeath to H the sum of $1,000, in trust for the support of the family of my son C: the principal sum of $1,000, together with whatever interest may arise thereon, is to be paid by the said H, at his discretion, for the support of the family of said C, and if the whole should not be paid out and expended for the support of said family during the lifetime of the said C and his wife, the balance is to be by him equally distributed among the children of said C, who may be living at his or her decease."

Held, that the estate devised to C, was not necessarily forfeited by a failure on his part entirely to support his family, but that he was entitled to the use of said farm, so long as he continued faithfully to apply the income thereof to that purpose.

THIS was an action of disseisin. On the trial before the superior court for Litchfield county, at the February term, 1855, the court found the following facts.

Samuel Chapin, the father of the defendant, died in the year 1830, owner in fee of the demanded premises.

His will contained the following clauses, *viz.:* " In the first place, I give and devise unto Charlotte E. Chapin, Laura L. Chapin, Sarah C. Chapin, Augusta F. Chapin, children of my son, Augustus C. Chapin, the farm now occupied by the said Augustus," [the demanded premises] "to have and to hold said described premises to them, the said Charlotte, Laura, Sarah, Augusta, and Helen, and their heirs and assigns forever."

" It is my wish and will, that the said Augustus shall continue to live upon, and occupy said farm, free from rent, and any charges, other than supporting his wife and children, and so long as he shall continue to support his said wife and children, during his natural life, he shall have liberty to live upon, occupy, and enjoy said farm free from any charge, other than the support of his said wife and children."

There were devises in his will to his other children, after which were the following provisions, *viz.*

" I give and bequeath to John H. Collins, the sum of one thousand dollars, in trust, for the support of the family of my son, Augustus C. Chapin : the principal sum of one thousand dollars, together with whatever interest may arise thereon, is to be paid by the said Collins, at his discretion, for the support of the family of said Augustus, and if the whole should not be paid out and expended for the support of said family, during the life-time of the said Augustus and his wife, the balance is to be by him equally distributed

among the children of said Augustus, who may be living at his or her decease."

The defendant, at the death of the testator, was in possession of the farm, and has ever since continued in such possession, claiming to hold under the will. At that time, he had six children, the eldest of whom was about seven years of age, and he had another daughter born shortly afterwards. About eighteen years ago, his wife, who had previously rendered him valuable assistance in his family, became insane, and has ever since so continued. The defendant has ever managed the farm to the best of his ability, and appropriated the avails to the support of his family, has never wasted nor misapplied any part thereof, and no disapprobation of his conduct, in that respect, has ever been expressed by either of his daughters.

In 1840, the plaintiff was appointed guardian of the daughters of the defendant, named in the will; and the proceeds of the farm, being insufficient for the support of his family, the plaintiff, from time to time, expended the money given in the will for the benefit of the defendant's family, in making up what was wanting for the support of the family, in the proceeds of the farm.

After that money had been expended, four of the eldest daughters, as they respectively became of age, requested the plaintiff to furnish their father and mother, with such articles as they should need, and for his security executed to him mortgages of their respective interests in the farm; and in pursuance of such requests, he made considerable advancements to the defendant.

No demand has ever been made upon the defendant for the possession of the premises, nor has any entry been made for any breach of the condition of the devise.

The question whether, upon the facts found by the superior court, the plaintiff was entitled to recover, was reserved for the consideration and advice of this court.

*Woodruff* and *Hollister & Beeman* for the plaintiff.

1. The estate of Augustus C. Chapin terminated upon his failure to support his family. It is of no consequence for what cause he failed to furnish that support.

2. No entry or claim by the heirs, or those who represent them, is necessary, before bringing the action of ejectment; because the estate, created in the defendant by the will, was a limitation, and not a condition. The words are, "So long as" he shall support, &c. This has always been held to be a limitation only; and also been held not to require an entry or claim. 10 Coke R., 41. 2 Black., 155. Bacon's Abridgment, "Conditions H." Fearne's Contingent Remainders, 195. 4 Kent, 127. *Chalker* v. *Chalker*, 1 Conn. R., 79. 1 Sw. Dig., 96.

3. By the will, the children of the defendant had the ultimate right to the property, with the right of possession whenever the defendant's estate should terminate. By virtue of the mortgage deeds given to the plaintiff he has succeeded to all their rights, and therefore is entitled to the possession of the estate.

*Hubbard* and *Orr* for the defendant, claimed,

1. That the defendant has the right to live upon and improve the demanded premises, under the will of his father, Samuel Chapin, deceased. The intention of the testator is the cardinal principle in the construction of a will; and in this case the testator intended to secure to the defendant and his family, a permanent home, which neither creditor, vendee nor mortgagee could take away. It is found that the avails of the farm have been at all times faithfully appropriated by the defendant for the support of his family, and there can be no foundation for the pretence that he has broken any condition of the will, or that his freehold estate has been determined.

2. Assuming for the plaintiff that the condition has been broken, he can not maintain this action, because he has made no entry for condition broken; no notice has been

given to the defendant; nor has any demand ever been made for the possession of said premises. It will therefore be inferred, that all pretence of forfeiture is either unfounded or has been waived. *Chalker* v. *Chalker*, 1 Conn. R., 79. *Wheeler* v. *Walker*, 2 Conn. R., 197. *Bowen* v. *Bowen*, 18 Conn., R., 535.

3. The mortgagors intended to convey nothing more than their interest in the remainder of said estate.

4. The defendant, at the time of the execution of the mortgage deeds, was in the exclusive adverse possession, claiming title under the will, and the mortgagors being out of possession, their deeds are void. Rev. Stat. 1849, 458.

WAITE, C. J. The plaintiff's right to recover, in the present case, depends upon the construction of the will of the defendant's father. If it be, as he claims, that the continuance of the estate depends upon a strict performance of the condition of the devise, and that the failure on the part of the defendant, for any cause whatever, to support his family, amounts to a forfeiture of the estate, then indeed is the plaintiff entitled to recover, for it is found that there has been such a failure.

But this, we think, is not in accordance with the intention of the testator, as manifested in his will. His great object, in making the several provisions in that instrument, was to secure, as far as he could, with the property designed for their benefit, a support for his son and family.

The son was to have the use of the farm free from any charge, other than the support of his family, and lest that provision might be insufficient, he further bequeathes to a trustee one thousand dollars, to be appropriated, principal and interest, if necessary, for the same purpose, and this to be thus appropriated as long as his son or his wife should live.

This provision shews very satisfactorily, that, in the contemplation of the testator, the income of the farm might be insufficient for the support of the family—that there ought not to be a forfeiture on that account, unless the son was

chargeable with mismanagement or neglect, and hence the further bequest for the benefit of the family in case it should be needed.

He evidently intended to guard against a misapplication of the income of the farm to the prejudice of the family. The son could not sell it; nor could it be taken by his creditors without the condition annexed.

The claim, that if the son, by reason of sickness or the derangement of his ·wife, should, at any time, with all the exertions in his power, become unable to support his family, he, his wife, and his younger children, should be turned out of doors, and left entirely destitute of support, is at war with the whole spirit of the will.

The great object which the testator had in view, in securing the property for the benefit of the family would be defeated.   He doubtless meant, as far as he could, to secure a proper and faithful application of the income of the property, but never intended to impose impossibilities upon his son.

It does not appear that anything, other than the use of the farm, was given by the will to the son; nor is it found that he possessed any other property.   How then could he support his family, if he could not do it from the income of the farm? ·

In our opinion, the testator meant that the son should have the farm so long as he continued faithfully to apply the income for the benefit of his family.   This the superior court has found he has done, to the best of his ability, and therefore has incurred no forfeiture.

The mortgages, given by the daughters to the plaintiff, may operate to convey all their interest in the property, but do not affect the interest or the rights of their father.

This view of the case renders unnecessary a consideration of the other questions involved.   Our advice to the superior court is to render judgment in favor of the defendant.

In this opinion the other judges concurred.

Judgment for the defendant.