### [No. 3792.]
## THOMAS v. CAREY.

1. LIMITATION—REMOVAL OF BAR—NEW PROMISE—EVIDENCE.

To remove the bar of the statute of limitation so that a debt other-
wise barred may be recovered upon a new promise or acknowledg-
ment, there must be an unqualified acknowledgment of the debt or
an express promise to pay it. Loose and general expressions with
respect to the acknowledgment or promise which are merely cas-
ual are insufficient to remove the bar.

2. SAME.

Statements or admissions by a debtor referring to a balance on the ag-
gregate of several claims, some of which are barred by the statute
of limitation, are insufficient to establish a promise on his part to
pay those barred.

3. SAME—INSTRUCTIONS—PRACTICE.

Where there is no dispute as to the facts which go to prove an acknowl-
edgment of or promise to pay a debt otherwise barred by the stat-
ute of limitation, the sufficiency of the evidence to establish such
acknowledgment or new promise as would remove the bar is a ques-
tion of law for the court, and where the evidence is clearly insuf-
ficient, it is error to submit the matter to a jury.

4. INSTRUCTIONS.

Although an instruction requested is not a full and accurate statement
of the law upon the proposition, yet if it is correct under the facts
to which it is applicable it is not erroneous and should be given.

5. INSTRUCTIONS—PEREMPTORY—PRACTICE.

Where counsel ask for a peremptory instruction, it is better practice
not to complicate it by including any statements regarding the
law upon which it is based.

6. PRACTICE—QUESTIONS ERRONEOUSLY SUBMITTED TO JURY.

In an action upon several causes of action where some of the causes
being barred by the statute of limitation were erroneously sub-
mitted to the jury, the error is prejudicial and must reverse the
case unless it appears that the verdict was not based in any part
upon any of the causes of action so erroneously submitted.

7. EVIDENCE—OFFER OF COMPROMISE—LIMITATION.

An unaccepted offer of compromise is not admissible in evidence for
the purpose of establishing a liability upon the matter to which it
refers. Nor is it competent for the purpose of establishing a new
promise such as would remove the bar of limitation.

8. LIMITATION—NEW PROMISE—ADMISSION TO STRANGER.

An admission to a stranger of indebtedness upon a claim against which

the statute has run, is incompetent to establish an acknowledgment or new promise that would remove the bar.

9. EVIDENCE—PRACTICE—OBJECTIONS.

Where an objection is made to a question asked a witness and overruled it is unnecessary to repeat the objection to subsequent questions of a similar nature asked the same witness to which the same objection would apply.

10. EVIDENCE.

In an action for the value of services for work done on a ranch, evidence of the value of the ranch is inadmissible where it does not appear that plaintiff had entire charge of the ranch, or that the work in question was the sole agency contributing to its value.

11. BURDEN OF PROOF—AFFIRMATIVE DEFENSE.

In an action for the value of services where the defendant answered admitting that part of the services had been performed and without special agreement as to compensation, but pleading a special agreement between the parties with which defendant had complied by which plaintiff had been fully paid, the burden is on the defendant to establish such defense.

*Appeal from the District Court of El Paso County.*

JUNE 18, 1896, appellee, as plaintiff, commenced this action to recover from appellant, as defendant, upon four causes of action, as follows:

1. Balance for the reasonable value of services rendered between the 1st day of March, 1885, and the 11th day of August, 1895.

2. Balance for the reasonable value of board, lodging, washing and mending of clothing, furnished and performed between the 1st day of January, 1880, and the 1st day of March, 1885. This indebtedness she alleges appellant has repeatedly acknowledged and promised to pay her, within five years previous to the commencement of this action.

3. For money loaned appellant prior to the 1st day of April, 1892.

4. For the value of certain personal property appropriated by appellant to his own use prior to the 1st day of August, 1895.

For answer to the first cause of action, appellant (1) denied that appellee had performed many of the services speci-

fied; admits there was no specific agreement between them regarding what she should receive for such services as she had performed, except as below stated; and avers that those mentioned were not worth the sum claimed; (2) pleads payment in full, under special agreement regarding such services, in addition to furnishing her with various and sundry sums of money for purposes other than those mentioned in such agreement.

To the second cause of action he answered, (1) denying that the items mentioned are of the reasonable value claimed; (2) denies promise to pay within six years; (3) pleads payment in full under special contract; (4) the claim is barred by the statute of limitations.

To the third cause of action, he answered, (1) denying, generally, the indebtedness therein specified; (2) that it was barred by the statute.

To the fourth cause of action, his answer was a general denial.

To this answer a replication was filed, denying the affirmative defenses. On the trial of the issues, there was verdict and judgment for appellee, from which the defendant appeals, assigning as errors, (1) refusal to instruct the jury to find for appellant on second and third causes of action, because barred by the statute of limitations, and in submitting to the jury the question of a new promise as to these causes; (2) admitting evidence of offers of compromise alleged to have been made by appellant; (3) admitting evidence of the value of property belonging to appellant; (4) error in instructions given.

Messrs. BLACKMER & McALLISTER, for appellant.

Messrs. GUNNELL & HAMLIN and Mr. J. REID CROWELL, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

From the complaint it appears that the second cause of action was barred by the statute of limitations, unless an action could be maintained thereon upon a promise of appellant which would remove the bar. He had pleaded the statute as a defense to this cause of action, and also to the third. As to the latter, it appears in so far as the evidence relates to money loaned with a sufficient degree of certainty as to amount which would justify its consideration, that it is also barred by the statute, unless revived by the promise of appellant. This was the view entertained by the trial judge, and is not now questioned by counsel for appellee. The particular reason assigned by counsel for appellant in support of the proposition, that the court erred in refusing to instruct the jury to return a verdict for him on these two causes of action, and in submitting to them the question of a new promise as to these causes, is, that there was no evidence of a promise on the part of appellant to pay this indebtedness that would take it without the statute; so that, in considering the first assignment of error, the real question to determine, is, whether or not there was sufficient evidence from which it could be inferred that appellant, within six years prior to the commencement of this action, had promised appellee to pay the indebtedness represented by either of these two causes of action. The only evidence on this subject to which our attention is directed, as bearing on the question of the promise of appellant, is the evidence of appellee herself, from which we quote the following questions and answers:

" Q. Since you left, have you had some talk with him?

" A. Yes. * * *

" Q. State what the defendant has wanted to pay you, and how he wanted to pay you for your services, since you left?

" A. He wanted to give me an income for life; he said the money coming to me was too much to give to me. * * *

" Q. From the time you first went to live with Thomas until you left, what has he ever said to you, with reference to your compensation, and when and how were you to receive it?

"A. I understood that I was to get half of what was made.

"Q. What did Thomas say to you about that?

"A. He used to say that I would be well provided for; that I would not have to work my fingers off all my life; that in a few years the place we had built up would make us a good living, and that he would leave me well provided for."

It appears that these parties had lived together on a ranch for something like ten years subsequent to the 1st day of March, 1885; that prior to that date appellant had boarded with appellee at a house which she occupied in Colorado Springs; that the parties had some difficulty not long prior to the commencement of this action, which caused appellee to leave the ranch, and that she was requested to state what conversation had taken place between them since she left, in response to which she testified as above. With this explanation, it is apparent that the foregoing conversation refers to services which appellee claims to have rendered appellant after they went to live together on the ranch, and has no reference whatever to the indebtedness which she claims under her second and third causes of action; but even if it did,—a point noticed later,—it was insufficient to establish a promise to pay the indebtedness claimed under either of these causes. On the subject of board, which is the basis of her claim, as stated in her second cause of action, she testified on cross-examination as follows:

"Q. Did you ever ask Thomas to pay for the board he got in the city?

"A. Yes, sir.

"Q. When was the first time you asked him to pay for it?

"A. I can't tell that; I kept asking him for money.

"Q. About when was the first time you asked him to pay for that board?

"A. I can't tell that. * * *

"Q. Tell when it was, if you remember, you first asked him for it.

" A. I asked him for a settlement of all.

" Q. When?

" A. Some years ago; not for the board money alone, but I used to ask at different times, but I can't give any special dates. * * *

" Q. Did he ever pay you anything for it?

" A. He has given me sometimes as much as $5.00 at a time, and a little money along; he always said that he would pay me liberally. * * *

" Q. Did you ever tell him he was to pay you $40.00 a month for that board, before this suit was commenced?

" A. I told him he owed me for all what I say; he would say, ' Put a price ; make a statement. ' * * *

" Q. Did you make a price?

" A. I put it at that price, $40.00 per month.

" Q. It was before you went to the ranch that you had that conversation?

" A. Yes."

None of the testimony we have quoted was sufficient to constitute a promise to pay either of the claims represented by the second and third causes of action. The statements attributed to appellant lacked these requisites. Neither was an unqualified acknowledgment of an indebtedness upon either account mentioned in either of these causes, nor did they establish an express promise to pay either of such accounts, one or the other of which was an essential element, in order to constitute a promise to pay a debt barred by the statute, which it is sought to recover on the strength of such promise (*Bell v. Morrison*, 1 Peters, 351; *Palmer v. Gillespie*, 95 Pa. St. 340; *Adams v. Tucker*, 6 Colo. App. 393; 1 Wood on Limitations, § 68), for loose and general expressions with respect to the acknowledgment of a debt barred by the statute, which are merely casual, are insufficient to remove the bar. *Bell v. Morrison, supra.*

It certainly cannot be said that either of the conversations detailed referred to indebtedness generally, which appellee claimed appellant was owing her; but even if it could be

successfully maintained they did, then they do not establish any promise sufficient to remove the bar of the statute as to those claims against which it had run, because if such statements or admissions on behalf of appellant only referred to a balance on the aggregate of several claims, some of which were barred by the statute, such admissions would not establish a promise upon his part to pay those so barred. *Suter v. Sheeler*, 22 Pa. St. 308; *Buckingham v. Smith*, 23 Conn. 452; 1 Wood on Lim. § 68; *Palmer v. Gillespie, supra; Walker v. Griggs*, 32 Ga. 119; *Boxley v. Gayle*, 29 Ala. 151.

Notwithstanding the insufficiency of the evidence to establish a promise on the part of appellant to pay the indebtedness represented by these two causes, which would allow an action to be maintained thereon, the court submitted to the jury the question of whether or not such promise as the law requires in cases of this character, had been made by appellant. This was clearly erroneous. Where there is no dispute as to the facts which go to prove the acknowledgment, or new promise, the question of the sufficiency of the evidence to establish such acknowledgment, or new promise, is one of law for the court (*Morrell v. Ferrier*, 7 Colo. 22; *Bell v. Morrison, supra*); so, conceding the evidence of appellee on this subject was true, yet as it wholly fails to establish a promise on the part of appellant with respect to the indebtedness on either of these two causes of action, which would remove the bar of the statute, under these circumstances the effect of submitting to the jury for determination a question of fact which there was no evidence to establish, was to confuse and mislead them by assuming that there was. *D. & R. G. R. Co. v. Robinson*, 6 Colo. App. 432; *Robinson v. D. & R. G. R. Co.*, 24 Colo. 98; *The Deep Mining & D. Co. v. Fitzgerald*, 21 Colo. 533; *Bur. & Colo. R. Co. v. Liche*, 17 Colo. 280.

Counsel for appellant requested the court to instruct the jury to return a verdict in his favor upon these two causes of action, which was refused. In framing this instruction, counsel undertook to state the law with respect to new prom-

ises, but did not state it fully and accurately. The instruction, however, does state that the evidence with respect to these two causes of action clearly establishes that they accrued more than six years prior to the commencement of this suit, and fails to show any promise to pay these claims, or either of them, within the statutory period; and that it was, therefore, the duty of the jury to return a verdict in favor of appellant on both of these causes. Counsel for appellee invoke the well established rule, that where a requested instruction is erroneous in part, it must be refused. The accuracy of an instruction depends upon the particular facts in the case, to which it is applicable. If not a full and complete accurate statement of the law on any given proposition, yet if it is correct under the facts to which it is applicable, then it is not erroneous, even though incomplete. The objection urged to this instruction is, that it limits the law to an express promise, and that its inaccuracy consists in failing to state or define an implied one. There was no evidence of an implied promise, and therefore, it was not error to fail to include a statement of law as to promises of this character, and this instruction should have been given. We suggest, however, that when counsel ask for a peremptory instruction, the better practice would be to do so without complicating it by including any statements regarding the law, because if warranted, all legal questions regarding its applicability can be raised, without embracing any statements as to the law upon which it is based.

It is also contended by counsel for appellee, that although these two causes of action may have been erroneously submitted to the jury for determination, yet, as it does not appear from the record that the amount returned by the verdict, or any part of it, is based on these causes, therefore appellant cannot complain. The error consisted in submitting to the jury the question of determining whether or not appellant was indebted to appellee in any sum whatever, upon either of these two causes of action. Under the instructions of the court, they had the right, if in their judgment the evidence

warranted it, to find for appellee upon these causes. True, we cannot say from the verdict what their conclusion may have been thereon; but leaving to them the determination of this indebtedness was prejudicial error, where, as in this case, it does not appear that the verdict was not given, in part, at least, upon one or both of these causes of action. *Leitch v. C. & N. W. R. Co.*, 93 Wis. 79; *Morehead v. Brown*, 6 Jones (N. C.), 367.

Over the objection of appellant, a witness called on behalf of appellee, testified as follows:

" Q. Did you have a conversation with defendant about last June, with reference to his indebtedness to the plaintiff?

" A. Yes, sir.

" Q. State what he said, in substance.

" A. I had this conversation with Mr. Thomas. I said to him, ' Why don't you settle with Mollie?' He said, 'I offered to settle with her; I offered to pay her—'

" Q. State what he said.

" A. I said, ' Mr. Thomas, why don't you settle with Mollie? It will be cheaper than to pay the lawyers.' He said, 'I offered to settle with her.' That is about all Thomas said to me.

" Q. Was anything said about what he offered to do in reference to making her an allowance?

" A. He said that he had offered to give her an allowance for life—as long as she lived, is the way he put it."

It is claimed that the above is evidence of an offer to compromise. If so, then it is incompetent, for evidence of an unaccepted offer of compromise is not admissible for the purpose of establishing a liability upon the matter to which it refers. *The Denver, T. & G. R. Co. v. De Graff*, 2 Colo. App. 42; *West v. Smith*, 101 U. S. 263; *Sebree v. Smith*, 16 Pac. Rep. 915; *Barker v. Bushnell*, 75 Ill. 220. It does not, however, tend to prove an offer of compromise, because it was not an offer by appellant to settle either with the appellee, or one representing her; nor did it amount to an admission of a liability upon either of the accounts sued upon, but, rather, evidence tending to establish the fact that appellant had of-

fered to compromise with the appellee, or was desirous of so doing. Evidence of an unaccepted offer to compromise being inadmissible, it necessarily follows that evidence that an offer for that purpose had been made, or that the party was desirous of settling, is also inadmissible. Nor could such evidence be regarded as proper to consider as testimony tending to establish a new promise as to the second and third causes of action, because such offers are not competent for that purpose (Wood on Lim. § 78; *Lawrence v. Hopkins*, 13 Johnson [N. Y.], 287); and besides, an admission to a stranger of indebtedness upon a claim against which the statute has run is incompetent to establish a new promise. Wood on Lim. § 79.

It is urged by counsel for appellee that part of the testimony last above noticed was admitted without objection on behalf of appellant, and for that reason errors assigned thereon should not be considered. The record discloses that before the witness had completed her answer to the second question, counsel did object, which objection was overruled; whereupon the question next following was propounded by counsel for appellee. Having objected to this question, and the one next asked by counsel after the objection was overruled being similar to the one to which the objection was interposed, it was unnecessary for counsel to further object to questions of this character to the same witness.

On behalf of appellee there was also permitted to go to the jury, over the objection of appellant, evidence regarding the value of the ranch upon which the parties resided during the period for which she claimed compensation as stated in her first cause of action. The court instructed the jury that this evidence should not be considered except for the purpose of aiding them in determining the amount and value of the services for which she claimed compensation. Under all the circumstances of this case, such evidence was incompetent, and the court should not have admitted it for the purpose indicated in the instructions on that subject. The issue between the parties was the value of these services. Had she been in entire charge of the ranch during the period for which these

services were claimed, or if it appeared that the result of her labor was the only agency which had contributed to making it valuable, possibly such evidence would have been admissible, but no such state of facts are shown to exist here. Appellant, during this period, was also engaged in working upon the ranch, and other agencies may have contributed to its value, in addition to the labor bestowed by appellee. There are further errors assigned by counsel for appellant upon the admissibility of testimony which was permitted to go to the jury, but from what has already been said, we deem it unnecessary to pass upon these questions, but will dismiss this branch of the case, with the suggestion, that the testimony in a case should be confined to that which is material and relevant to the issues between the parties, and such collateral questions as may be involved. Unless so limited, it not only takes up unnecessary time in the trial of a cause, but leads to confusion, and tends to obscure the real questions at issue, which are necessary to determine, for the purpose of ascertaining the rights of the parties.

The final question to pass upon relates to the alleged error of the court in instructing the jury to the effect that the burden of proof was upon appellant to establish his plea that for the services of appellee, declared upon in her first cause of action, a special agreement had been entered into, with which he had complied. This was not erroneous. This plea admitted the rendition of the services, and sought to avoid any responsibility therefor upon the ground that appellee had been fully paid therefor. This was an affirmative defense, and the burden rested with him to establish it. *Perot v. Cooper*, 17 Colo. 80.

Other errors in giving and refusing instructions are assigned which we do not think it is necessary to pass upon, as we believe, from the views expressed, there should be no difficulty in submitting the cause to a jury the second time, under competent evidence and appropriate instructions. The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*