No. 15,837.

REESE *v.* MCVITTIE.
(200 P. [2d] 390)

Decided November 8, 1948.

Mr. F. W. HARDING, for plaintiff in error.

Mr. SAMUEL CHUTKOW, Mr. MANDEL BERENBAUM, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

A. A. McVITTIE, defendant in error, who was plaintiff below, brought an action against Rex Y. Reese as defendant to recover judgment for $5,750 asserted to be due him for services rendered as a real-estate broker in procuring a purchaser for defendant's property listed with plaintiff for sale for the sum of $57,500. The case was tried to a jury, which returned a verdict for plaintiff in the sum of $3,500 and judgment was entered thereon, to review which defendant has sued out a writ of error.

In the complaint it is alleged that plaintiff was a real-estate broker; that on the 28th day of September, 1945, defendant entered into an exclusive sales agreement with plaintiff for the sale of certain property owned by him; that in said sales agreement the terms and conditions upon which the sale was to be consummated were

set forth. It is further alleged that on or about the 12th day of November, 1945, and within the time limited in said sales agreement, plaintiff procured a purchaser ready, able and willing to purchase the listed property for the sum and upon the terms and conditions in said sales agreement set forth, but that defendant refused to consummate the sale.

Attached to the complaint, and therein referred to as an exhibit, is the sales agreement which is in words and figures as follows:

"Sales Agreement #244

Denver, Colo. Sept 28 1945

"In consideration of their mutual promises Rex Reese Denver Colo (Hereinafter referred to as Owner) and A. A. McVittie 1602 E Colfax (Hereinafter referred to as Broker) contracts and agrees as follows:

"The Owner agrees and does hereby grant to the Broker the exclusive right for 90 days from date, to sell his property or business described as CH 2370 Famous Inc City of Denver State of Colo on terms as follows: $54000.00 Ask $60,000.

"The Owner agrees to accept a price of............Dollars net to him or pay 10% commission to Broker out of any other price he may accept. Owner also agrees if a sale is made within 60 days after termination of this agreement to any person whom the Broker during the life of this agreement introduces to the Owner, to pay the Broker above said commission of the selling price.

"The Broker Agrees: At his own expense to advertise and offer for sale and use his best efforts to sell said property.

"This agreement shall be binding upon the parties hereto, their successors and assigns and is not subject to revocation until Dec. 28, 1945, and shall remain in force thereafter until revoked by either party in writing.

"Accepted:

A. A. McVittie                    Rex Y. Reese
         Broker                              Owner."

On Back:

"Receipts $680.00 to $690.00 daily
    Saturday  $750 to $800.00
    Sunday     $800 to $860.00
"Rent  $275.00 — 2 years
         300.00 — 2   "
         325.00    1   "
"About 6 years to run
 Corporation
 Making now $2500.00
 It can do $250000.00

"Liquor  40% of Receipts
         60% Food

"Theatre going up next door
 Home Dairy going out of business
 ¼ payment down
 Bal  % Reasonable."

Defendant in his answer denied that the writing appearing on the back of the sales agreement was thereon at the time he signed the same and alleged that the agreement was executed by him subject to the authorization of the stockholders of The Famous, Inc.; he admits that on or about the 12th day of November plaintiff did submit a contract for purchase in the sum of $57,500, but denies that the said contract was upon the terms and conditions agreed to by him.

Under the provisions of section 25, chapter 15, '35 C.S.A., "No real estate agent or broker shall be entitled to a commission for finding a purchaser who is ready, willing and able to complete the purchase of real estate as proposed by the owner until the same is consummated or is defeated by the refusal or neglect of the owner to consummate the same as agreed upon."

There was competent evidence before the jury which justified it in finding and determining that Exhibit A, hereinbefore set out, was completed before defendant's signature was affixed thereto; also there was competent evidence which justified it in finding and determining that the purchaser procured by plaintiff was ready, willing and able to consummate the purchase of the property upon the terms and conditions specified in the sales agreement; there was competent evidence introduced to justify the jury in finding and determining that plaintiff was entitled to a judgment in the sum of $5,750, that amount being ten per cent of the purchase price offered by the prospective purchaser procured by plaintiff, and also competent evidence which would warrant the jury in finding and determining that the agreement between plaintiff and defendant was for the sale of the property for $54,000 net to defendant, in which event its verdict should be for $3,500 instead of $5,750, as prayed in the complaint. Competent evidence having been introduced on the trial to warrant these findings by the jury, they will not be disturbed.

The only remaining question presented by the specification of points deserving our attention is the admissibility of evidence of an offer made by defendant to plaintiff at the time of defendant's refusal to consummate the sale to the purchaser procured by plaintiff, which evidence, according to the record, is as follows: "He [Reese] walked in, kind of swinging his head from side to side. He said, 'Mac, I don't want to sell the Famous,' and he sat down on the edge of the couch in my office. I said, 'Mr. Reese, you don't mean to tell me that after having all of my men work on this and my advertising the way that I have, and now you come in and tell me you don't wish to sell, when I have a contract.' 'Well,' he said, 'Mac, Mrs. Reese doesn't want to sell. She says that if the food business goes wrong we still have this,' and he was referring, of course, to the liquor. And he says, 'What I want to know is how I can

wiggle out of this.' All of this occurred, understand, before he saw this (indicating). That is what I was waiting to tell, and anyway, it is kind of hard to think of it all this way, but this goes on, and I called—'Noble,' I said, 'you don't mean this,' and he said, 'Yes, I want to wiggle out of it.' * * * He said, 'Mac, I do not want to fuss with you,' and I said, 'Noble, and I don't want to fuss with you.' And he says, 'I will tell you what I will do, I will give you $2500.00,' and as he said 'I will give you $2500.00' I looked at him and I used this expression, 'Sold.' I reached out my hand and we shook hands on it." This evidence was admitted over the objection of defendant that it was an offer of compromise, and, being such, it is contended that its admission was prejudicial.

██ Generally it may be said that an offer of compromise is one made for the purpose of reaching an amicable settlement or adjustment of a disputed claim to avoid the costs and expenses incident to litigation; that in order to be an offer of compromise it must be made without any admission of liability; that at the time of the offer there must be a dispute between the parties as to the liability of one to the other. Here there was no dispute. If before any dispute whatever has arisen as to the liability of one to the other an offer is made by the one and accepted by the other, no question as to an offer of compromise arises. Any effort made by parties to any dispute to amicably adjust their differences and avoid litigation is commendable and should be encouraged, and obviously it would be unfair to permit an offer made under such circumstances to be introduced in evidence against the one who thus proposes to amicably adjust their differences. However, when such an offer is made and accepted, it becomes an independent contract or agreement and as such may be the basis of a suit for its performance, or evidence thereof may be introduced for the purpose of establishing an admission of liability of the person making the

offer to the one who has accepted the offer of compromise if he who proposes it thereafter repudiates the offer.

So far as we are advised, there is no decision in this jurisdiction exactly in point on the question here presented. We have determined that an offer of compromise unaccepted is not competent evidence in an action brought to enforce a contract (*Thomas v. Carey*, 26 Colo. 485, 58 Pac. 1093), but here, according to the undisputed evidence, there was an offer made by defendant and accepted by plaintiff. A decision most nearly in point is *Dugger v. Kelly*, 168 Ia. 129, 150 N. W. 27. There a *dispute* arose between plaintiff and defendant with reference to the payment for the construction of an outlet for the drainage of land. It appears, according to the plaintiff's evidence, that after many discussions as to the liability of the defendant and his agreement to assume the payment of a proportionate share of the cost of the construction, plaintiff offered to accept the sum of seventy-five dollars as defendant's proportionate share, and this offer was accepted by defendant. Thereafter defendant repudiated his agreement, and plaintiff brought an action on the original contract and recovered judgment in the sum of $146.35 which was found to be defendant's proportionate share of the cost of construction. At the trial evidence was introduced by plaintiff, disclosing the terms of plaintiff's offer and defendant's acceptance thereof, and this, it was claimed, was error because, it was asserted, it was the admission of evidence with reference to an offer of compromise. In connection with this objection the Iowa court said: "Complaint is also made that the court improperly permitted plaintiff to testify to offers or suggestions of compromise between the parties. The substance of his testimony was that plaintiff offered to accept $75 and discharge his claim, and that defendant accepted his offer and agreed to pay it but afterwards repudiated the agreement and refused to pay. This we

are disposed to hold was not an infraction of the familiar rule that offers of compromise are not admissible in support of a contested claim or defense. In this case the witness testified not to an offer or proposal merely but to an agreement upon the sum to be paid. A mere offer of compromise is to be protected because a party to a controversy is permitted in the interest of peace, to tender such terms as to him shall seem proper and if rejected by the other party it would be manifestly unfair to make use thereof as an admission of debt or liability. But where the offer is accepted or agreed to and the parties get together upon an amount to be paid or received we can see no good reason for excluding proof of the fact." This pronouncement of applicable law has received approval in: *Lane v. F. S. Miller Lumber Co.,* 101 Okla. 14, 222 Pac. 968; *Harris v. Miller,* 196 Calif. 8, 235 Pac. 981; *Carpenter & Carpenter, Inc. v. Kingham,* 56 Wyo. 314, 109 P. (2d) 463; *Union Trust Co. v. Resisto Mfg. Co.,* 169 Md. 381, 181 Atl. 726; 31 C.J.S., p. 1050, §290; 4 Wigmore on Evidence (3d ed.), p. 31, §1061; 3 Jones Commentaries on Evidence (2d ed.), p. 1940, §1052; 4 Nichols Applied Evidence, p. 3347.

In the present case it is sufficient to say that the rule relating to the exclusion of evidence of an offer of compromise is not available because it does not appear that at the time defendant made the offer there was any dispute or controversy between the parties as to any amount due under the exclusive sale contract; in fact the only evidence is contra, and, therefore, this evidence was competent as an admission of liability, the extent of which was a question of fact to be determined by the jury.

Defendant's offer to pay plaintiff the sum of $2,500 for his services in connection with the sale of defendant's listed property having been accepted by plaintiff and later repudiated by defendant resulted in a situation where plaintiff might sue on the original contract of employment and use defendant's acceptance and re-

pudiation as evidence of admitted liability, or he might have sued and recovered upon the offer and its acceptance. Plaintiff sought to recover on his original contract, and evidence of the accepted offer of defendant was competent and properly admissible in the suit on the original contract.

Accordingly the judgment is affirmed.