CONSOLIDATED BUILDERS, INCORPO-
RATED, Plaintiff in Error,

v.

C. E. McDANIELS and Opal McDaniels,
Defendants in Error.

No. 39766.

Supreme Court of Oklahoma.

Oct. 2, 1962.

Rehearing Denied Dec. 11, 1962.

Raymond Criswell, Wewoka, for plaintiff in error.

Charles Sims, Seminole, for defendants in error.

WELCH, Justice.

This action to foreclose a materialman's lien was brought by Consolidated Building Corporation, herein referred to as plaintiff, against the defendants, C. E. and Opal McDaniel, husband and wife, to recover the balance alleged to be due plaintiff under a contract whereby they agreed to pay $32,250.00 for the construction of a residence according to certain plans and specifications, and to pay additionally for extra construction done in pursuance of changes they might authorize on a basis of the added cost of materials and labor plus a reasonable supervisory charge. The petition alleged substantial performance of the contract and that there was an unpaid balance of $2,250.00 on the contract amount without considering deviations therefrom, and an additional sum of $2,992.04 due in payment for extra material and labor furnished on changes authorized by the owner-defendants.

Judgment was prayed for a total of $5,242.04 with interest from April 23, 1960, attorney fees and costs, and foreclosure of lien. Defendants' answer denied that plaintiff had fully performed the contract, denied authorizing the changes alleged to have been made, denied the correctness of the amounts charged, denied owing any sum to plaintiff, asserted that large expenditures by defendants would be required to put the house in the condition that plaintiff ought to have left it, and asserted that by reason of the action the defendants were required to expend money for attorney fees, and prayed that defendant be held harmless and have their costs, including an attorney's fee, and all other proper relief. The answer did not seek damages for defective workmanship or faulty materials as a set-off or counter-claim, nor did it plead fraud in any way.

A jury found that the plaintiff was entitled to a judgment against the defendants in the sum of $2,500.00. To reverse the judgment entered on such verdict, and the attorney fee allowance subsequently entered by the court, plaintiff brings this appeal.

The evidence of the plaintiff consisted of the written contract and parol evidence explaining the inception thereof, as well as a list of a number of extra work items performed in pursuance of that portion of the contract which provided that construction performed other than as provided for in the plans and specification was to be paid for by the owners if the

change was by them authorized. Parol testimony was offered by the plaintiff in support of the "extra" items alleged to have been furnished at the direction or authorization of defendants. The defendant, Mrs. McDaniel, admitted authorizing some of the items. As to other items, liability to pay charges made by plaintiff was denied for various reasons, such as that the contractor had proposed to defendants that instead of using native stone for the exterior of the residence that Miami stone be used because its use would beneficially serve the contractor in introducing Miami stone to the locality, and that since nothing was said about an increase in the cost of the stone over that provided for in the plans, the defendants were under the apparent impression that the total contract amount covered as well the increased price of the substituted stone.

Plaintiff complains of alleged erroneous admission of parol evidence. On this point the record shows that plaintiff presented parol evidence to support his claim for each item of "extras" sued for and to establish defendant's liability to pay the stated sum therefor. Defendants presented parol evidence in opposition to several of the items of "extras," and to establish their nonliability to pay therefor.

█ It seems to this court that each party had the right to so proceed. · No authority to the contrary is cited. The plaintiff cites authority for the well recognized rule that parol evidence may not be presented to vary the terms of the written contract. That rule is sound, but not here applicable. The parol evidence here presented was not offered to vary the terms of the written contract, but for the purpose of presenting the contentions of the parties in a situation which according to the contract itself might arise during the course of the construction over and above, or outside of, the contracted construction.

The plaintiff has not sustained the burden of showing any error or abuse of discretion in the admission of such evidence.

█ Plaintiff contends that without the same having been pleaded the verdict of the jury and the judgment of the court showed that a set-off, or counterclaim, had been allowed defendant. The correctness of this contention is apparent in view of the total of those "extras" admitted to have been authorized. The contract, without "extras" added, was for $32,250.00 of which sum $30,000.00 had been paid the plaintiff by defendants. The judgment was for but $250.00 over the initial contract amount. The red-wood fence, an item about which there was no dispute about being additional to the subject contracted for, was furnished at a price of $375.00, which one item increased the initial contract sum to a larger one than the sum of the judgment and the $30,000.00 paid. With the exception of the galvanized gutters, an additional item of $75.00 more than had been provided for in the plans, and additional cement for the driveway, an additional item of $170.00, the evidence showed the admission of having authorized several of the changes for which the contractor charged $2,992.04. The pleadings do not show that the defendants availed themselves of the opportunity afforded by 12 O.S.1961 § 273 of pleading a set-off, or counter-claim for defects or omissions.

The evidence of both parties proved substantially more "extras" than the $250.00 allowed. That sum fell far short of the "extras" fairly shown by the evidence. It is about the same as if the jury had allowed no "extras" whatever. Thus it is demonstrated that the jury made a substantial allowance to the defendants based upon some consideration of a counter-claim or set-off. This seems to be the only consideration in any way justifying the verdict returned. That was wrong because there was no sufficient plea in detail of any defects or omissions

which could create any right of counter-claim or set-off.

If defendants had intended to place reliance on such an affirmation defense it should have been presented by specific pleading thereof and specific demand for the amount thereof. This should have been pleaded in the first instance, or at least required on plaintiff's motion to make definite and certain, or deemed to have been waived or not intended to be relied upon as an affirmative defense.

This court said in Lane v. F. S. Miller Lumber Co., 101 Okl. 14, 222 P. 968:

"Where there has been a substantial performance of the contract by the builder, the burden of proof is on the owner to show defect and omissions chargeable to the builder, and evidence thereof is not admissible unless such defects and omissions are specifically pleaded by the owner."

█ If the defendants' counter-claim had been properly pleaded, or if the view had been taken by the court that the pleadings had been so reformed by the evidence as to show counter-claim, failure to instruct the jury on the measure of damages would require reversal here. In Vogel v. Rushing, 202 Okl. 277, 212 P.2d 665, this court said that it is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and evidence introduced at the trial, and a failure to do so constitutes fundamental error, and this error of the court will be reviewed even though exceptions were not taken to the court's action. No instruction was given as to the method of ascertaining the damages sustained by the owner from any defective performance of the building contract.

█ Referring finally to the claim of plaintiff for an additional $250.00 attorney's fee, it is our consideration that in view of the services performed, for which the lien statutes contemplate payment, the additional allowance should be made, and the amount claimed being considered reasonable, the same is allowed in the sum of $250.00 and taxed as costs.

Reversed and remanded.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.