# WIEBENER et al. v. PEOPLES.

### No. 3116.  Opinion Filed August 25, 1914.

### Rehearing Denied September 22, 1914.

### (142 Pac. 1036.)

1._ **CONTRACTS—Time of the Essence.** While under section 876, St. Okla. 1890 (section 968, Rev. Laws 1910), no particular form of expression is necessary to make it so, time is never considered of the essence of a contract unless expressly so provided by the terms thereof.

2. **SAME—Building Contract—Recovery by Contractor.** A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price, less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building.

3. **SAME—Occupancy by Owner—Effect as Acceptance and Waiver.** Mere occupancy and use of a building by the owner does not, as a matter of law, constitute an acceptance of the work of construction and a waiver of nonperformance by the builder of the stipulations in the contract and does not ordinarily justify inference of acceptance as a fact.

4. **SAME—Partial Payment.** Mere part payment by the owner for the construction of a building, whether with or without knowledge of the builder's failure to perform the contract, does not, as a matter of law, constitute an acceptance of the work of construction and a waiver of such failure to perform, unless, perhaps, to the extent of such payment with such knowledge where such acceptance and waiver is consistent with all the pertinent facts in the case.

5. **DAMAGES — Measure — Building Contract — Breach — Instructions.** Where a contractor and builder has breached his contract by minor and slight omissions, deviations, and defects in the construction of a building, when tested by the terms of the contract, the owner's measure of damages, under section 2620, St. Okla. 1890 (section 2852, Rev. Laws 1910), is such an amount as will compensate him for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom; but the form in which this measure is expressed or the rule by which it is made may be changed to adapt it to the facts in the case on trial, as illustrated in the body of the opinion; and, where the facts warrant it, it is not error to instruct that such measure is the difference

between the value of parts not so constructed and the same parts if they had been constructed as required by the contract.

6. **CONTRACTS—Building Contract—Breach—Waiver.** Where a contract for the construction of a building requires the same to be done to the satisfaction of the owner and reserves to him the right without the duty of supervision and direction, his acquiescence in or his failure to object, during the work of construction, to minor and slight omissions, deviations, and defects, of which he has knowledge, before the builder has abandoned the work to him as completed and he is occupying and using the same, will ordinarily and when not excused be regarded as a waiver of such nonperformance.

7. **SAME—Construction—Conduct of Parties.** In a contract for the construction of a building, where there is an exception in favor of the builder of "excavations and foundations complete to joist line," which are to be "completed" by the owner, from the obligations of the builder, the builder should supply an iron railing required by the contract to be placed above the joist line on an outer retaining wall of a light and air space outside the basement, but he is not required to allow the owner in deduction from the contract price of construction the cost of stairways leading to and from such basement and voluntarily supplied by the owner, where all the conduct of the parties during the work of construction shows that they construed the contract as requiring the owner to supply the same.

8. **SAME.** Where the language of a contract is uncertain and the parties thereto, by their subsequent acts and conduct, have shown that they construed it alike and within the purview of the constructions permitted as possible by such language, the courts will ordinarily follow such adopted construction as the correct one.

(Syllabus by Thacker, C.)

*Error from County Court, Woods County;*
*W. M. Bickel, Judge.*

Action by J. E. Peoples against John Wiebener and another for balance claimed on building contract. Judgment for plaintiff, and defendants bring error. Affirmed conditionally on remission of part of the recovery.

*A. G. Sutton* and *Sandor J. Vigg,* for plaintiffs in error.

*E. W. Snoddy,* for defendant in error.

Opinion by THACKER, C. Plaintiffs in error will be designated as "defendants" and defendant in error as "plaintiff," in accord with their respective titles in the trial court.

Plaintiff, as contractor and builder, sues defendants, as owners of the property, for $869.80, with interest thereon at the rate of 6 per cent. per annum from January 13, 1910, until paid, as a balance owing for the construction of a business building at Alva, Okla., under a written contract which required defendants to pay therefor $8,917.00 plus proper charges for "extras," which plaintiff alleges amounted to $162.80. The contract specified July 1, 1909, as the time when a certain portion and September 1, 1909, as the time when the remainder of the building should be completed, subject to allowance for delay caused by the "act, neglect or any default of the owner," and required payment to the plaintiff of "$1,000.00 when the second floor joists are in place, and $1,000.00 when the building is ready for the finished roof, $2,000.00 when plastering is done, and $1,000.00 when the first floor business room is ready to move into," and final payment "within 30 days after this contract is fulfilled, or the work is finished as hereinbefore provided." The plans and specifications, which are separately signed by both parties, were made by the plaintiff and are referred to in the other portion of the contract, and are clearly a part of the same.

All material was to be furnished and all work to be done by the plaintiff under the supervision and to the satisfaction of defendants according to this contract, except that it provides for metal ceiling, specified portions of hardware, and a granite column to be furnished by owners, and further: "Excavations and foundations complete to joist line; will be completed to joist line by owners." Defendants, by answer, in effect admit the contract as above stated, but deny plaintiff's alleged performance and claim $1,543.00 as damages caused by omissions, deviations, and defects in plaintiff's work of construction and by plaintiff's failure to complete the building within the time specified in the contract. Plaintiff replied by a general denial of allegations inconsistent with his petition.

The evidence for plaintiff tended to show his substantial and good-faith performance of his aforesaid contract and that he

is entitled to charge $154.05 for "extras" under the contract, subject to the deductions hereinafter stated.

The evidence for defendants tended to show omission, deviations, and defects in construction which, if properly chargeable to the plaintiff, would entitle them to recoup in damages to the amount of $161 on account of 23 vents omitted from upper rooms, also $147 on account of omitted railing and basement steps, also showing that the portion of the building which the contract recites should have been first completed was not completed until October 25, 1909, the same being of the rental value of $75 per month, and that the remaining portion of the building was not completed until November 1, 1909, the same being of the rental value of $125 per month.

The evidence tended to show several delays chargeable to "the act, neglect or default of the owners"; and, although it seems doubtful if the whole delay is properly imputable to the defendants (the owners), it is possible that the state of the evidence would have warranted the court in submitting (as was done) this entire question to the jury even if time had been of the essence of the contract.

The only seriously controverted questions seem to be: (1) As to whether plaintiff should have furnished and put in the said steps and furnished and placed the said railing; (2) as to whether the building was completed within a reasonable time after allowing for such delay as is chargeable to defendants; and (3) as to whether defendants waived their right to insist on any or all of the 23 vents required by the contract—plaintiff testified they were all waived, but defendants testified that they only waived the vents upon condition of strict compliance by plaintiff with all the other requirements of the contract.

It does not appear, even from their own testimony, that defendants, who are named in the contract as owners and permissible supervisors and directors of the work of construction, made any serious, if any, complaint as to the manner in which the work

.of construction was done during its progress or until after the building was finally left to them by plaintiff as complete and after they had commenced to use the same, or until December 20, 1909, when defendants made the last payment they have made to plaintiff, unless in respect to the said railing, which they have supplied at a cost of $125, and their evidence seems uncertain as to when they made complaint as to this, especially as to the railing. They did complain in respect to a vent, which the contract apparently did not require, in a lower story toilet, and at a cost of $8 made the same to their liking.

It appears that the jury may have allowed defendants $22.51 on account of this claim of damages in the way of rentals for delay, as their verdict was apparently for that amount less than the $954.06 which plaintiff would otherwise have been entitled to recover as principal and interest to date of verdict; and the $161 for omitted vents should have been allowed or disallowed in whole, according as the jury may have found defendants did not or did waive their rights to them, while the item of $125 for the iron railing involved no controverted question of fact and was a question of law upon the contract and the undisputed facts.

The court gave the jury written instructions to which there were no exceptions which are presented for our consideration, except that it is here objected that the court should not have instructed the jury in effect: (1) That the contract in this respect was ambiguous and so as to permit it to determine from all the evidence whether said iron railing connected with the basement of the building and on the outside of the building, valued at $125, and said two certain stairways leading from such basement, valued at $22, all of which were omitted by plaintiff and supplied by defendants, were within the terms of the aforesaid contract between the parties; (2) that only good faith and substantial performance was required of plaintiff under said contract, and so as to permit plaintiff to recover the contract price, less the difference between the value of these omitted or faultily constructed parts if they had been constructed as required by the contract and their value

to the owner of the building as they were; (3) that the time specified for the completion of the building was not of the essence of the contract, and so as to not allow defendants to recover for delay in completion of the building unless the same was not completed within a reasonable time after allowing for delays occasioned or acquiesced in by defendants; (4) so as to require the jury in computing defendants' damages, if any, resulting from delay in completing the building to ignore the time for completion specified in the contract and to compute the damages resulting from such delay from such time as plaintiff was reasonably entitled to within which to complete the same; and (5) that if the defendants, or either of them, inspected the work of construction during its progress and failed to object to or acquiesced in apparent defaults in the same, the defendants should not now be heard to complain that same was not done according to contract.

The law applicable in this case seems to be as follows: While no particular form of expression is necessary to make time of the essence of a contract under section 876, St. Okla. 1890, section 968, Rev. Laws 1910, time is never considered of the essence of a contract unless expressly so provided by the terms thereof. *Puls v. Casey*, 18 Okla. 142, 92 Pac. 388; *Standard Lbr. Co. v. Miller & Vidor Lbr. Co.*, 21 Okla. 617, 96 Pac. 761, 22 L. R. A. (N. S.) 463; *Cooper v. Ft. Smith & W. R. Co.*, 23 Okla. 139, 99 Pac. 785. And it seems clear that time is not expressly made of the essence of this contract by its own terms, and it thus appears that the court did not err in this respect.

A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building and has, in fact, substantially performed the same, although there be unintentional omissions, deviations, and defects of minor and slight importance chargeable to him, is ordinarily entitled to sue upon his contract and to recover the contract price, subject to proper deductions therefrom on account of such failures in such performance, especially where the owner occupies and uses the building; and it thus appears that

the instructions in this respect do not contain error. 6 Cyc. 54-59, and cases cited in notes thereto; *Foeller v. Heintz,* 137 Wis. 169, ·118 N. W. 543, 24 L. R. A. (N. S.) 327, and notes to same; *Burke v. Coyne,* 188 Mass. 401, 74 N. E. 942; *Elliott v. Caldwell,* 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; *Anderson v. Todd,* 8 N. D. 158, 77 N. W. 599; notes at pages 259-261 to *Ludlow Lbr. Co. v. Kuhling,* 115 Am. St. Rep. 254.

Mere occupancy and use of the building by the owner does not as a matter of law constitute an acceptance of the work of construction and a waiver of the nonperformance by the builder of the stipulations of the contract and does not ordinarily justify any inference of acceptance as a question of fact. 6 Cyc. 67-69; *Pope v. King et al.,* 108 Md. 37, 89 Atl. 417, 18 L. ·R. A. (N. S.) 489, and notes, 15 Ann. Cas. 970, and notes at pages 972-975; notes at pages 257-261 to *Ludlow Lbr. Co. v. Kuhling,* 115 Am. St. Rep. 254.

Mere part payment by the owner for the construction of a building, with or without knowledge of the builder's failure to perform his contract, does not as a matter of law constitute an acceptance of the work of construction and a waiver of such failure to perform, unless, perhaps, to the extent of such payment with such knowledge, where such acceptance and waiver is not negatived by any other facts in the case, but is consistent with all its pertinent facts. 6 Cyc. 69, and notes; *Ludlow Lbr. Co. v. Kuhling, supra,* and notes thereto.

Under section 2620, St. Okla. 1890, section 2852, Rev. Laws 1910, where a contractor and builder has breached his contract by minor and slight omissions, deviations, and defects in the construction of a building, tested by the terms of the contract, the owner's measure of damages is such an amount as will compensate him for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom; but the same measure may be embodied in different forms of expression or be accomplished by one or more rules adapted under the facts to correctly ascertain the amount which

this statute declares to be the measure of damages, although unlike the statutory measure except in operative effect. Thus, at pages 781-784 in notes to *Lambert v. Jenkins,* 112 Va. 376, 71 S. E. 718, Ann. Cas. 1913B, 778, it is shown that the rule for ascertaining the amount of damages may vary with the facts of the particular case, as by allowing (1) the sum necessary to make the building conform to the plans and specifications, where this can be done without any or considerable tearing down and reconstructing, (2) the difference between the value of the building as constructed and its value as it should have been constructed, where it cannot be made to conform to plans and specifications without considerable tearing down and reconstructing, (3) in a few jurisdictions, such sum as is required to make the building conform to the plans and specifications regardless of whether it is necessary to tear down and reconstruct part of the work already done (which, if not quite so appropriate, would seem to give the same result as the first two rules), and (4) compensation for resulting injuries to property or for deprivation or impairment of beneficial use, as where a defective roof leaks and wets the owner's hay, etc., and where, time being of the essence of the contract, there was a loss of rentals. And it thus appears that the court's instructions as to the measure of damages contain no substantial, if any, error against the defendants.

Nor does there appear to be reversible error in the instruction (which may be subject to some criticism as to form) to the effect that defendants cannot now be heard to complain of omissions, deviations, and defects in the work of construction of which they had knowledge at the time and to which they made no objection or in which they acquiesced, in view of the facts in this case. They reserved to themselves the right, without the duty, to supervise and direct the work of construction; and the contract expressly required that the same should be done to their satisfaction. A failure to object to, or an acquiescence in, a non-performance of the contract in any respect in question here would seem to be an expression of satisfaction with faults in the work of construction, so far as the same was within their knowledge,

from which they could not, in the absence of excuse therefor, recede after the contractor had abandoned the work as completed and they had come into full occupancy and use of the building; and it does not appear that there was any objection until long after that time, except in respect to the omitted vent which plaintiff testified he offered to supply, but that defendants expressly waived the same, while defendants admit such waiver, but say it was upon condition that work of construction was satisfactory in all other respects.

However, the instruction that the contract was ambiguous in respect to what, if anything, was required of the contractor in constructing the basement and the said outside railing appears erroneous, at least, in so far as it affects the question of who should have supplied said outside railing.

We think it clear that this railing, which defendants at all times demanded of the plaintiff, was a part of the building called for by the contract; and we think it equally clear that it is not within any contractual exception to the obligation of plaintiff to furnish all material and labor and to construct the building according to plans and specifications.

It is urged that it is a part of the basement and falls within the exception already quoted, as follows: "Excavations and foundations complete to joist line; will be completed to joist line by owners." But we cannot assent to this. If such a railing could in any case be necessary to complete "excavations and foundations," it certainly could not in a case like this, where the joist line limits such exception and where the railing appears to be above such line.

There was no evidence that any "technical" or "special meaning" is given any word in such exceptions by usage in such contracts or in the business of constructing buildings which would include such railing; and section 862, St. Okla. 1890, section 954 Rev. Laws 1910, would seem to require that these words be understood in their ordinary and popular sense in the absence of such evidence.

It appears that in the construction of the building the parties to this contract mutually understood and construed it as requiring the defendants to make the excavation and foundations and to complete the entire basement of the building as required by the plans and specifications to joist line; and, in view of such construction by the parties themselves (9 Cyc. 588-590), we hold that the expression, "excavation and foundations complete to joist line," as used in this contract, refers to and means all that portion of the building within the excavations and below the joist line, *i. e.,* the entire basement below that line, although we might be disposed to hold otherwise but for such construction by the parties, as there is no other evidence of a technical or special meaning of the language used in this exception and it would not otherwise seem to include stairways leading to and from the basement.

It thus appears that this case should be reversed and remanded for another trial, unless plaintiff should file written consent to an allowance of $125 in reduction of the amount of his judgment (and he should be allowed fifteen days within which to do so), in which event the same may then stand as affirmed.

By the Court: It is so ordered.