### KELLEY v. HAMILTON.

No. 9699—Opinion Filed March 30, 1920.

Rehearing Denied May 4, 1920.

(Syllabus by the Court.)

1. **Bills and Notes—Admissibility as Evidence—Effect of Failure to Register for Taxation.**
Section 6, ch. 264, Session Laws of 1917. has no application to promissory notes of less than eight months' duration.

**2. Bills and Notes—Action—Building Contract—Evidence—Prima Facie Case.**

In an action to recover on a note which contains the provision, "providing the entire house is completed satisfactory as per contract and specification, for work on house received," where plaintiff introduces in evidence said note and copy of building contract and the certificate of the architect accepting the house with the exception of certain items of work enumerated which were to be completed, and plaintiff offers evidence that he has completed all of said work enumerated by said architect, he has thereby made out a prima facie case, and it is not error to overrule. a demurrer to the evidence.

**3. Contracts—Building Contracts—Substantial Performance—Right to Recover.**

A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building.

**4. Trial—Motion to Direct Verdict—Effect.**

Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled.

**5. Contracts—Building Contract—Action by Contractor—Instructions.**

Instructions examined, and held to correctly state the issues in the case, and fairly present the law applicable to the facts and pleadings, and that no prejudicial error was committed in the giving of said instructions.

**6. Trial—Refusal of Instructions Covered.**

It is not error to refuse an instruction when the court has included the substance of said instruction in the instructions given.

**7. Contracts—Action by Building Contractor—Sufficiency of Evidence.**

Evidence examined, and held sufficient to support the finding of the jury.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action on note by John Hamilton against Lulu N. Kelley. Judgment for plaintiff, and defendant brings error. Affirmed.

C. Caldwell, for plaintiff in error.

Bennett & Wilson, for defendant in error.

McNEILL, J. The defendant in error, the plaintiff below, commenced this action in the district court of Craig county against the plaintiff in error, the defendant below, to recover on a certain promissory note. The parties will be referred to in the same position they occupied in the court below, the plaintiff in error as defendant, and the defendant in error as plaintiff. The note sued upon is as follows:

"$778.25.                              Jan. 21, 1912.

"Feb. 10, 1913, providing entire house is completed satisfactory as per contract and specification, for work on house received, I. we, or either of us, jointly or severally, waiving grace and protest, promise to pay to the order of John Hamilton. Seven Hundred Seventy-Eight and 25-100 Dollars, with interest from date at the rate of 8 per cent. per annum, payable annually until paid. The interest if not paid annually to become as principal and bear the same rate of interest, and in case this note is placed in the hands of an attorney for collection agree to pay ten per cent. additional for the collection of same. The endorsers, guarantors and assignors, severally waive presentment for payment, protest and notice of protest thereof, for nonpayment of this note and consent that the time of payment may be extended without notice.

"Mrs. Lulu N. Kelley."

The plaintiff having alleged in his petition that he had performed all the conditions prescribed and contained in the note and contract sued upon and that the same was due and unpaid, the defendant, Mrs. Kelley, filed her answer and alleged that the plaintiff had failed to comply with the conditions in the note, and further set out the contract whereby plaintiff was to build the house, and alleged that the plaintiff was required to furnish all material and to pay for the same. That the Sunny Pat Hardware Company filed a lien on the premises which she was required to pay. in the sum of $183, she set out in her cross-petition, asking judgment for $183, and further set out the fact that the house was not properly built and constructed, and asked for damages in the sum of $1,500. The case was tried to the jury, and the jury returned a verdict in favor of the plaintiff and against the defendant in the sum of $769. From said judgment, the defendant has appealed.

For reversal the defendant first contends that the court erred in receiving the note in evidence before it had been shown that the special taxes had been paid thereon as provided by chapter 264, Session Laws 1917. It was admitted in the trial of the case, although the note disclosed on the face that it was executed January 21, 1912, that the note

was in fact executed January 25, 1913; that being true, the same being a note for less than eight months duration, it did not come within the class of notes coming within the provision of chapter 264, Session Laws 1917, and the court did not err in admitting said note in evidence.

It is next contended that the court erred in overruling Mrs. Kelley's motion for directed verdict at the close of the testimony. There was introduced in evidence the note, the builder's contract entered into between the plaintiff and defendant, which contract provided for an architect and provided he should furnish certificate of amount due, and accept the work, and the certificate of the architect dated January 9, 1913, it being the final certificate, stating there was a balance due of $837.05, and said certificate contained the further provision that certain items of work which were enumerated should be finished. The plaintiff testified that all of said work as enumerated in the certificate of the architect had been completed with the exception of the cost of installing a mirror, which amounted to $1.50, and admitted there was due to Sunny Pat Hardware Company $183 for material that was a lien on the premises, and stated that the reason he had not paid the same was because defendant would not settle with him.

The evidence also disclosed that Mrs. Kelley was living in the premises, having moved to the premises some time in January, 1913. This court, in the case of Weibener v. Peoples, 43 Okla. 230, 142 Pac. 1036, stated as follows.

"A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building."

See Robinson v. Beaty, 75 Okla. 69, 181 Pac. 941.

Plaintiff and his witnesses having testified they completed the building and complied with all the conditions required by the certificate of the architect, this was sufficient evidence to submit the case to the jury, and the court did not err in overruling the demurrer to plaintiff's testimony.

It is next contended that the court committed error in overruling Mrs. Kelley's motion for a directed verdict at the close of all the evidence. While it is true, Mrs. Kelley, upon her behalf and to support her counter-claim, asserted that the house had not been completed as required by the plans and specifications, and set out many defects in the building, yet the rule on a motion for a directed verdict, as announced by this court in Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 Pac. 776, and followed by a long line of decisions, is as follows:

"Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled."

The evidence in this case upon the question of whether the house was completed was conflicting; therefore it was a question of fact to be determined by the jury.

It is next contended that the court erred in refusing to give instruction No. 1, requested by the defendant. This instruction was practically embraced in instruction 3, given by the court, wherein the court instructed the jury, in substance, if they found by a preponderance of the evidence that the architect made his final estimate on the building January 9, 1913, and specified that the building was completed with the exception of certain items therein numbered from "A" to "P," inclusive, which items were necessary to be completed in order to complete the building, and if plaintiff completed those items as enumerated except putting in the mirror, then the verdict should be in favor of plaintiff, less the cost of putting in said mirror, which it was admitted would cost $1.50, and the $183 paid to the Sunny Pat Hardware Company. This instruction complied with the rule laid down in the case of Weibener v. Peoples, supra. The only difference apparently is that the defendant contends that the plaintiff would have to fully comply with the conditions in every respect, and that this was a condition precedent. The correct rule is announced in Weibener v. Peoples, supra. An examination of the instruction discloses that the court fairly submitted the issue to the jury, placing the burden of proof upon the plaintiff to show that he had complied with the conditions of his contract, and completed the building as required by the architect, and fairly submitted the question of damages which the defendant was claiming for defective work.

It is next contended that the verdict is not supported by the law or the evidence. In this we cannot agree, as the evidence is conflicting. The plaintiff testified that all the conditions of the contract had been complied

with, with the exception of putting in the mirror and the hardware bill. The defendant contends that the conditions of the contract had not been complied with, but this was a question of fact, which was properly submitted to the jury, and the jury by its verdict found against the defendant's contention.

Finding no reversible error in the record, the judgment of the court is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.