## LANE v. F. S. MILLER LBR. CO. et al.

No. 14504—Opinion Filed Jan. 22, 1924.

(Syllabus.)

**1. Contracts — Recovery by Building Contractor—Substantial Compliance With Contract—Evidence.**

A contractor who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price less proper deductions therefrom on account of omissions, deviations, and. defects chargeable to him, especially where the owner occupies and uses such building. Evidence tending to prove a substantial performance of the contract and a faithful endeavor on the part of the builder to perform all the terms of the contract is admissible.

**2. Evidence—Offer of Compromise.**

An offer in compromise, which has been accepted by the defendant, and which he later repudiated, may be given in evidence against him.

**3. Contracts—Substantial Performance by Building Contractor—Defects and Omissions—Burden of Proof.**

Where there has been a substantial performance of the contract by the builder, the burden of proof is on the owner to show defect and omissions chargeable to the builder, and evidence thereof is not admissible unless such defects and omissions are specifically pleaded by the owner.

**4. Same — Damages Against Contractor — Attorneys' Fee in Other Action.**

An attorney's fee expended in defending an action to foreclose a materialman's lien is not a proper element of damages recoverable against the contractor when a materialman's lien has been filed against the property.

**5. Appeal and Error—Briefs—Abstract of Evidence.**

Under Rule 26, the plaintiff in error need not include in his abstract all the evidence supporting a claim on his part that it does not show or tend to show a certain fact, but when such question is presented, the adverse party must print so much of the evidence as he claims to have that effect.

Error from District Court, Tulsa County; E. A. Summers, Assigned Judge.

Action between the F. S. Miller Lumber Company, J. A. McClain and O. P. Kiper, partners, and J. N. Lane. From the judgment, Lane brings error. Affirmed on condition.

Stuart, Cruce & Bland, for plaintiff in error.

Kopplin & Jameson, for defendants in error.

COCHRAN, J. This is an appeal from a judgment in favor of J. A. McClain and O. P. Kiper for a balance due them for constructing a brick building for J. N. Lane, and decreeing the foreclosure of a lien on the building. Lane alleged, as his de-

fense, that the work was not performed according to the terms of the contract and not in a good, workmanlike manner. One of the items about which Lane complained was the failure of McClain and Kiper to use plate glass in the windows of the building and substituting double strength glass. McClain was permitted to testify that, before the job was finished Lane wanted possession of the building and McClain told him that he was unable to get plate glass at that time, but could use double strength glass and when the plate glass came the double strength glass could be taken out and the plate glass set and the double strength glass sold as salvage. He stated that Lane agreed to this arrangement. The plaintiff in error complains of the introduction of this evidence on the ground that it was a variation of the original written contract, and the variation not having been pleaded, the subsequent contract could not be proved to show a variation of the terms of such contract. The admission of this evidence cannot be considered as prejudicing the rights of the plaintiff in error in any manner. Some time after McClain claims this agreement was made, Dr. Lane purchased the plate glass and had it substituted in place of the double strength glass and sold the double strength glass. It is conceded by both parties that Dr. Lane was entitled to credit for the value of plate glass, less the salvage value of the double strength glass, and that question was properly submitted to the jury under proper instructions. The only controversy in connection with this item was as to the amount of the credit to which Dr. Lane was entitled by reason thereof, and the testimony complained of cannot be considered as prejudicially affecting that issue. This testimony was admissible, not as a variation of the written contract, but for the purpose of showing that the builder had in good faith endeavored to perform all that was required of him by the terms of his contract for the construction of the building, and had in fact substantially performed the same. In Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535, the court said:

"A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building."

To the same effect is Wiebener et al. v. Peoples, 44 Okla. 32 142 Pac. 1036. The evidence of the contractors tending to show that they had substantially performed their contract, and, as the testimony showed further, that they had endeavored in good faith to perform all that was required of them by the terms of the contract, they were entitled to sue upon the contract and recover the contract price, less proper deductions for the omissions, deviations, or defects, the owner having occupied and used the building, and the testimony was admissible to show the good faith of the contractors.

The plaintiff in error next complains that testimony was permitted to be introduced tending to prove a compromise and settlement between McClain and Kiper and Dr. Lane in regard to the plate glass and in regard to the resurfacing of the concrete floor. The plaintiff in error contends that the communications were made with a view to making a settlement of the differences between the parties and are not admissible; relying upon Chicago, R. I. & P. Ry. Co. v. Forsythe-Templar et al., 56 Okla. 26, 155 Pac. 851, and other similar cases. The rule announced in those cases had no application to the instant case, because the offers of settlement in those cases were not accepted and the compromise was not affected, whereas in the instant case the compromise and settlement was completed, and Dr. Lane thereafter sought to repudiate the compromise so made.

In Dugger v. Kelly (Iowa) 150 N. W. 27, the court, in passing on the admissibility of testimony of an offer of compromise, which had been accepted and later repudiated, said:

"This we are disposed to hold was not an infraction of the familiar rule that offers of compromise are not admissible in support of a contested claim or defense. In this case the witness testified, not to an offer or proposal merely, but to an agreement upon the sum to be paid. A mere offer of compromise is to be protected because a party to a controversy is permitted in the interest of peace to tender such terms as to him shall seem proper, and if rejected by the other party it would be manifestly unfair to make use thereof as an admission of debt or liability. But where the offer is accepted or agreed to and the parties get together upon an amount to be paid or received, we can see no good reason for excluding proof of the fact." See Miller et al. v. Campbell Commission Company, 13 Okla. 75, 74 Pac. 507.

The plaintiff in error next complains of the refusal of the trial court to allow the admission of evidence tending to prove the amounts expended by the plaintiff in error in repairing window casings and several

other items of repair, which were excluded by the trial court. This evidence was excluded because it was not properly within the issues made by the pleadings. Plaintiff in error contends that proof thereof was admissible without being specifically pleaded on the ground that the burden was upon the contractor to prove a performance of the conditions of his contract. The plaintiff was entitled to recover upon proof of a substantial performance of his contract and his endeavor in good faith to perform all that is required of him by the terms of the contract, and in the event of omissions, and defects, chargeable to the contractor, the same should be set up in a cross-petition specifically alleging the omissions and defects, and the damages by reason thereof. George v. Roberts, 186 Ala. 521; Escott v. White, 10 Bush. (Ky.) 169. It is our opinion that the cross-petition of the defendant was not sufficient to render the testimony admissible.

It is next contended that the court erred in refusing to allow proof that Dr. Lane had been compelled to employ attorneys to defend the suit of the materialman for foreclosure of this lien, and expended the sum of $300 as attorneys' fees. This testimony was properly excluded, as the attorneys' fee was not a proper element of damages in this case. The owner would have been entitled to recover any sum expended by him in satisfying lien claims so that his property might be unincumbered, but any sum expended by him in defending a suit brought to enforce a lien for material furnished in the construction of the building would not be proper recovery, as the expenditure of such sum would not have been necessary had he paid the materialman's bill and deducted the same from the amount due the contractor.

Complaint is made of instruction No. 3, in which the court instructed the jury that $166 had been deducted from the amount claimed by McClain and Kiper, as a credit for the difference between the plate glass and the double strength glass. Plaintiff in error contends that there is no evidence in the record showing that this sum or any other sum had been deducted for this item. The defendants in error do not set out in their brief the evidence which they claim shows that this deduction was made. Rule 26 of this court provides in part as follows:

"A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain fact; but when such a question is presented, the adverse party shall print so much of the evidence as he claims to have that effect."

Notwithstanding the failure of the defendants in error to comply with this rule, we have examined the record and fail to find any testimony showing that the deduction was made. On page 211 of the case-made it appears that a bill which the defendants had prepared was referred to in the testimony, and doubtless this bill showed the credits which had been given by the defendants in error, but the bill was not introduced in evidence and there is nothing in the record to show what it contained.

An examination of the other instructions convinces us that they correctly and fairly state the law as applied to the issues in the case. If the defendants in error will file in this court a remittitur of $166 within ten days from the date of the filing of this opinion, the judgment will stand affirmed, otherwise the same is reversed and remanded for a new trial.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.