## GRAY et al. v. COSDEN.

No. 19247.   Opinion Filed Dec. 17, 1929.

Rehearing Denied Feb. 4, 1930.

184

Commissioners' Opinion, Division No. 2.

Ford & Montgomery and Leslie W. Lisle, for plaintiffs in error.

Lashley & Pambo and Russell B. James, for defendant in error.

HERR, C. This is an action originally brought in the district court of Tulsa county, and subsequently transferred to the court of common pleas of said county by J. S. Cosden against W. H. Gray, Aztec Oil Company, and Tribes Gasoline Company, to recover damages because of the alleged conversion of certain casinghead gas belonging to plaintiff.

It is alleged by plaintiff that he was the owner of a certain oil and gas lease in Okmulgee county upon which there were located several producing gas wells; that defendants, without his knowledge or consent and without authority, laid a pipe line from their casinghead gasoline plant to plaintiff's lease for the purpose of transmitting the gas to said plant and connected said pipe line with the flow tank located on plaintiff's lease and in this manner converted large portions of casinghead gas belonging to him; and prayed judgment against defendants for the sum of $1,131.96.

Defendant Aztec Oil Company and Tribes Gasoline Company answered denying conversion as alleged in plaintiff's petition, but admitting in their answer taking certain quantities of casinghead gas belonging to plaintiff to the value of $149.92, and pleaded a tender thereof. Defendants further pleaded that the gas so taken was taken with the consent and knowledge of plaintiff's lease superintendent.

Defendant Gray answered by way of a general denial.

Prior to the trial. the cause was dismissed without prejudice as to defendant Aztec Oil Company, but, as between plaintiff and the remaining defendants, the cause was tried to the court, a jury having been waived, the trial resulting in a judgment in favor of plaintiff and against defendant Tribes Gasoline Company in the sum of $149.92 and against defendant Gray in the sum of $701.09. To reverse these judgments, defendants appeal to this court.

There is a total lack of proof in the record tending to connect defendant Tribes Gasoline Company with the taking of the gas, and at the conclusion of the testimony, this defendant requested that it be permitted to amend its answer to conform to the proof, which request was by the court denied. This ruling is assigned as error by this defendant. It further appears that upon denial of this request, this defendant requested the court to render judgment against it in the sum of $149.92, which the court accordingly did. In these circumstances, this defendant will not now be heard to complain because of the denial of its request. The judgment as to it must therefore be affirmed.

Defendant Gray contends that the evidence is wholly insufficient to establish conversion. This defendant was the president of the Aztec Oil Company, and the connection with plaintiff's flow tank was made at his direction.

It appears from the evidence that plaintiff was a resident of the state of New York and had no knowledge whatever that his gas was being taken by defendants, and that he at no time directly authorized anyone in charge of the lease to permit connection to be made with his flow tank.

It appears also that defendant Gray, without authority from anyone, ordered his employees to make the connection, but that Mr. Jackson, who was the pumper in charge of the wells at that time, would not permit the same to be made.

It is also established that Giles Pennich was the authorized agent of plaintiff Cosden, and he testified positively that ne expressly forbade defendants making the connection and taking the gas.

Defendant Gray testified that he had authority to make the connection from one Newt Long, and that said Long apparently was in charge of and superintending plaintiff's lease. In this respect, Mr. Pennich testified that he requested Mr. Long to look after the interests of plaintiff Cosden in this lease as an accommodation to himself, Pennich, and that Long, in certain particulars, did so, but that he received no compensation therefor.

Fred Jackson, the pumper in charge of

the wells, admitted that he finally granted permission to defendants to connect with plaintiff's flow tank, and that he did so at the request of Long. Long testified that, when the matter was first presented to him, he absolutely refused defendants permission to take the gas, but that subsequently Mr. Jackson called him over the phone and stated that defendants had permission from Mr. Cosden to make the connection, and that he then replied that, if such were a fact, there was nothing to do but permit the connection to be made.

It will thus be seen that on the question of conversion there is a conflict in the evidence. This conflict was apparently resolved in favor of plaintiff. There is ample evidence to sustain this finding and the same will, therefore, not be disturbed by this court on appeal.

It is next contended that there is no competent evidence upon which to base damages. It appears from the evidence that the market value of casinghead gas is based on the gasoline content thereof, and that the same is arrived at by ascertaining the gallonage per 1,000 cubic feet and multiplying the same by the prevailing price of gasoline per gallon and dividing the result by three. In order to prove the gasoline content of the gas, plaintiff offered in evidence certain memoranda made by one George Millner, the person who tested the gas, purporting to show the gasoline content thereof. This evidence was introduced and admitted over objection of defendants. It appears that Mr. Millner, who made the test, was at the time of the trial a resident of the city of Okmulgee, and that his testimony could readily have been procured. Under these circumstances, it occurs to us that this evidence was improperly admitted. Certainly, the evidence of the person who made the test was the best evidence, and secondary evidence should in no event be admitted until a showing is first made that the best evidence cannot be produced.

The admission of this evidence, however, in our opinion, will not necessarily work a reversal of the judgment. Defendant Gray, himself, offered testimony that 6,740,-000 cubic feet of gas was taken by defendants from plaintiff's gas wells and the gasoline extracted therefrom, and that the same tested approximately one gallon per 1,000 cubic feet of gas; and under the rule above set forth for ascertaining the market value of gasoline taken therefrom, the value, at the time of taking thereof, was $239.48. This amount plaintiff is entitled to recover from defendant Gray, plaintiff having elected to take as his measure of damages the value of the gas taken at the time of the taking thereof.

In addition to this, it is established by the evidence that it is customary in the sale of casinghead gas, for the purchaser, after the gasoline is extracted, to return the dry gas to the lease owner; that the market value of dry gas at that time was 6 cents per 1,000 cubic feet. It is admitted that 6,740,000 cubic feet of gas was taken by defendants; none of the dry gas was returned to plaintiff. Under this evidence, uncontradicted by defendants, plaintiff was entitled to recover for the dry gas taken the sum of $404.40, making a total amount which he was entitled to recover against defendant Gray under evidence properly considered, $643.88.

The judgment as to defendant Tribes Gasoline Company should be affirmed. As to defendant Gray, the judgment should be modified by reducing the amount of recovery from $701.09 to $643.88, and, as so modified, should be affirmed.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 203; R. C. L. Perm. Supp. p. 376. (3) 2 R. C. L. 277; R. C. L. Perm. Supp. p. 423. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83; §3170, p. 1158, n. 20. "Evidence," 22 C. J. §1220, p. 974, n. 59.