## BUSBOOM v. SMITH.

No. 33028.   Feb. 24, 1948.

*191 P. 2d 198.*

F. Leonard Sibel and Hal D. Leaming, both of Oklahoma City, for plaintiff in error.

Kerr, Lambert & Conn, of Ada, for defendant in error.

LUTTRELL, J.   This action was brought by A. W. Busboom, dba Southwest Tile & Terazzo Company, against the defendant, Julia May Smith, to recover the balance due plaintiff under a contract whereby he agreed to install in a store building under construction by defendant, Terazzo floors, lobbies and vestibules, and other tile work, for an agreed price of $3,275. The petition alleged full performance of the contract by plaintiff, and payments made by defendant to plaintiff, leaving a balance of $844.04. Defendant, in her answer, admitted the contract, the payments made thereunder, and that there remained unpaid on the contract price the said sum of $844.04. She denied that plaintiff had fully performed the

contract She denied that she owed the plaintiff any sum whatever. By cross-petition she alleged that to put the floors in the condition specified in the contract with plaintiff would require an expenditure on her part of a sum in excess of $1,000, and prayed judgment against the plaintiff for the sum of $1,000. The case was tried to the court without a jury, and at the conclusion of all the evidence the trial court denied recovery by plaintiff of the balance due on the contract price, and, in addition thereto, adjudged that defendant recover the sum of $1,000 as prayed in her cross-petition. From this judgment, plaintiff appeals.

Under the contract between plaintiff and defendant, plaintiff agreed to install all the Terazzo floors and other tile work in accordance with the specifications and plans prepared by defendant's architect, the work to be completed by June 15, 1941, and in a manner not to delay the final completion of the building, and the making of the same ready for the occupancy of a tenant. From the evidence it appears that plaintiff substantially complied with the contract, but that certain defects or spots on the Terazzo floor installed by him were called to his attention after the tenant of the building had moved a considerable portion of its fixtures into the building. It appears that neither plaintiff nor the architect made a final inspection of the floor after it was installed, plaintiff testifying that he assumed the work had been properly completed. After these spots were called to his attention he eradicated part of them, but not all. His testimony was that it would cost not to exceed $10 to eradicate all the spots in the floor, but that it would be necessary to take up some carpets laid by the tenant, and to remove some of its store fixtures. The evidence of the defendant, on the other hand, was to the effect that there were numerous spots on the floor which had not been removed, both under the carpets and outside of them. An experienced building contractor testified for defendant that to put the floor in the condition called for by the contract would require approximately $1,000, $250 of which would be required to do the work of eradicating the spots, and $750 to move the carpets and store equipment of the tenant in order to do the actual work. The architect employed by the defendant never made a final inspection of the building, and never certified that the work had been done in accordance with the terms of the contract. He testified that work by plaintiff was substantially completed and that the spots represented approximately one per cent of the floor space covered by the Terazzo tile laid by plaintiff. It is not disputed that the work of laying the floor in conformity to the architect's specifications, and in accordance with the contract between plaintiff and defendant, would not be finally completed until the remaining spots in the floor were eradicated. The spots themselves were apparently due to a defective liquid used to seal the Terazzo tile, plaintiff testifying that some foreign substance had gotten into a part of the liquid used.

At the conclusion of all the evidence, the trial court, upon the request of both plaintiff and defendant, inspected the floor before rendering judgment.

Plaintiff contends that the trial court erred in holding that defendant was not required to pay him the unpaid balance of $844.04, and in rendering the judgment for $1,000 for defendant on her cross-petition. He contends that the trial court should have allowed him a credit of the balance due on the sum of $1,000 and rendered judgment for the defendant for the difference, $155.96. Or, putting it differently, that the trial court should have allowed him the full contract price and deducted from such contract price the sum of $1,000 allowed defendant for the completion of the contract, as prayed for in her cross-petition. He contends that, although defendant's evidence tended to prove that she was damaged by the defective performance of the contract only in the sum of $1,000, the judgment of the trial

court erroneously allowed her $1,844.04 as damages.

We think this contention must be sustained. From all the evidence it appears that the plaintiff was not actuated by bad faith in failing to complete the floor in exact compliance with the requirements of his contract, but it appears that he was at all times in good faith, and that the contract was substantially performed by him in accordance with the terms of the contract.

In Wiebener v. Peoples, 44 Okla. 32, 142 'P. 1036, Ann. Cas. 1916E, 748, we said:

"A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price, less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building."

The rule announced in that case has been followed by this court in a number of cases. Kelley v. Hamilton, 78 Okla. 179, 189 P. 535; Lane v. F. S. Miller Lumber Co., 101 Okla. 14, 222 P. 968; Christopher Press Controller Co. v. N. S. Sherman Machine & Iron Works, 99 Okla. 129, 225 P. 505. This appears to be the general rule. 9 Am. Jur. p. 89, §152; 17 C.J. p. 847, §168; 25 C.J.S. p. 563, 74. In such case the judgment should make such monetary award to the injured party as would place him in the position he would have been had the contract been performed, but it should not put him in a better position than he would have been had there been complete performance.

Obviously, in the instant case, had the contract been completely performed, defendant would have been required to pay to plaintiff the balance of the contract price, $844.04. The contract not having been performed and the evidence establishing, to the satisfaction of the trial court, that defendant had been damaged in the sum of $1,000 by the failure of plaintiff to complete the contract, the judgment should have been for the sum of $1,000 less the balance due plaintiff. Allowance of this sum to defendant would, according to her own evidence, place her in the same condition as if the contract had been completely performed, there being no evidence of loss of rents or other loss to her. The trial court having found that defendant was damaged in the sum of $1,000, it should have credited as a payment thereon the sum of $844.04, admittedly due plaintiff on the contract, and rendered judgment only for the sum of $155.96, thus permitting full recovery by defendant of all damages claimed by her.

Plaintiff next contends that the judgment is not sustained by sufficient evidence, but is contrary to the weight of the evidence. The action was originally brought to recover the balance due on the contract, and to foreclose a lien upon the property, but when the case came on for trial plaintiff withdrew his application to foreclose the lien, and the case proceeded as one for the recovery of money due. As originally brought the case was a jury case, since there was an issue as to the indebtedness due. Jones v. Benson, 158 Okla. 25, 12 P. 2d 202; Barrington v. Hembree, 193 Okla. 340, 143 P. 2d 614. As finally tried it was simply an action on a money demand, a jury case tried to the court without the intervention of a jury. The evidence was conflicting, and in such case, if there was any evidence tending to support the judgment of the trial court, this court will not reverse for insufficient evidence. Oklahoma Natural Gas Co. v. Shirley, 190 Okla. 319, 123 P. 2d 669; McMurtray v. Hamilton 191 Okla. 657, 132 P. 2d 335. It follows that the judgment of the trial court as to the amount of damage suffered by defendant must be sustained.

Plaintiff also urges that the testimony of the building contractor, who

testified for defendant that it would cost $1,000 to eradicate the spots left on the floor by plaintiff, was not competent, for the reason that said witness had not had any experience in actually laying tile floors. We think the testimony of this witness, who had been engaged in the construction of building for a long time, was competent.

The judgment of the trial court being clearly erroneous as to the amount awarded defendant, as hereinbefore pointed out, may be corrected by this court on appeal. Gray v. Cosden, 141 Okla. 183, 284 P. 288; Stumpf v. Stumpf, 173 Okla. 1, 46 P. 2d 315. The judgment of the trial court is therefore modified by crediting, as a payment upon the sum of $1,000, the damages sustained by defendant, the balance of $844.04 due plaintiff under the contract, and adjudging that defendant recover from plaintiff the additional sum of $155.96, and as so modified is affirmed.

HURST, C.J., and BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.