## FOSTER v. WILKINSON, Adm'x.

No. 12052—Opinion Filed Sept. 18, 1923.

Rehearing Denied Nov. 20, 1923.

(Syllabus.)

1. Partnership—Existence of Relation.
Under section 8103, Comp. Stat. 1921, a partnership exists between two individuals

who have associated themselves together for the purpose of carrying on a common business and dividing the profits of the business between them.

### 2. Same—Dissolution by One Partner.

A general partnership may be dissolved as to all parties by the express will of any partner where there is no time prescribed by agreement for its duration.

### 3. Same—Real Estate as Partnership Property—Intent.

In determining whether particular real estate is partnership property or is individual property of the partners, effect should be given to the intent of the partners, and this intent may be disclosed either by their conduct or by their agreements, express or implied.

### 4. Limitation of Actions—Partnership Accounting.

When, at the time a partnership is terminated, no accounting is had and the partnership property is left in charge of one of the partners for liquidation, and where the other partner requests settlement on numerous occasions but upon each occasion is persuaded by the partner intrusted with the property that it is not the opportune time to settle, as it would be necessary to sacrifice the property, and where this condition continued until the time of the death of the partner intrusted with the partnership property without any repudiation of the trust, and after his death his administrator declined to account and repudiated the trust, held, that cause of action for accounting accrued at the time of his repudiation of the trust.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by Effie L. Foster against Della M. Wilkinson, administrator of the estate of Mott W. Wilkinson, deceased. Judgment for plaintiff for less than asked, and both parties bring error. Reversed and remanded, with direction.

P. S. Nagle and M. M. Gibbens, for plaintiff in error.

Boynton & Reilly and E. D. Brownlee, for defendant in error.

COCHRAN, J. This action was instituted by plaintiff in error against defendant in error, Della M. Wilkinson, administratrix of the estate of Mott W. Wilkinson, for the purpose of establishing a partnership between the plaintiff and the deceased, Mott W. Wilkinson, and for an accounting. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. The plaintiff was a sister of Mott W. Wilkinson and came with him and other members of the family to Oklahoma

in 1890, and homesteaded a claim near Kingfisher. The plaintiff brought with her life insurance money which she had received and probably other money, amounting in all to about $3,500. She procured a position as teacher in the Kingfisher schools and taught there for 25 years. It is contended by the plaintiff that shortly after her arrival in Oklahoma, plaintiff and her brother, Mott W. Wilkinson, entered into a verbal agreement of partnership under the terms of which plaintiff was to furnish the money and use of her land, and her brother was to furnish his services and labor in tilling the land and in buying, trading and selling livestock and purchasing and selling real estate; that the plaintiff did furnish her land and all of the money which she brought with her to Oklahoma and some additional money saved by her from her salary as school teacher, and that her brother farmed the land, bought livestock, land, and leases, and pastured the livestock on the farm of the plaintiff and on the partnership leases, using the crops produced on the farm to feed the livestock; that the livestock were sold or traded from time to time and the original capital and profits were used to purchase additional livestock, and finally used to purchase one or more pieces of real estate. It is plaintiff's contention that this partnership continued until Mott died in 1918. At the time of his death his estate inventoried approximately $30,-000, consisting of personal property and real estate, and plaintiff contends that all of his property is partnership property and that she is entitled to one-half of all of this property.

The defendant, as administratrix of the estate of Mott W. Wilkinson, contends that no partnership ever existed between her husband and plaintiff, and, while admitting that plaintiff furnished some money to deceased from time to time with which livestock was purchased, and that this money which was furnished by the plaintiff was to a large extent responsible for the accumulation of the deceased, that these transactions were at most a series of joint adventures and upon the closing of each transaction the plaintiff was entitled to her profits, and that the presumption is that she received the same. She contends, further, that there is no testimony showing the amount of money which was advanced to the deceased or the profits derived from the use of the same, or the amounts repaid by the deceased to the plaintiff. She contends, further, that the plaintiff's cause of action, whether for money loaned or for a partnership accounting, is barred by the statute of limitations, or, if not barred by

the statute of limitations, that she should be denied relief in equity because of laches in bringing the suit.

The trial court made separate findings of fact, which are too lengthy to incorporate in this opinion, but in substance found that there was no agreement between the parties to enter into a general partnership and that no general partnership existed between them: that deceased did buy live stock on numerous occasions with money furnished by his sister under an agreement to divide the profits in each deal with her; but the evidence does not show, and it is impossible to tell, how much money plaintiff furnished deceased and what the profits were in these investments, if any, or what part was repaid, but "the court believes, and so finds, that at the time of his death he was indebted to plaintiff in some amount which, as near as we can ascertain from the evidence, is $2,000, including interest to this date." Judgment was rendered for the plaintiff for $2,000, and from this judgment both sides have appealed.

This case is one of unusual difficulty due to the death of one of the parties and the rules of law limiting the testimony of the surviving party to the transaction. A careful examination of the evidence, however, together with very able briefs furnished by both sides in this case, convinces us that the finding of the trial court that the agreement between the parties did not constitute a partnership is clearly against the weight of the evidence. A partnership is defined by section 8103, Comp. Stat. 1921, as follows:

"Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them."

Numerous authorities have been cited by the defendant in which it is held under the circumstances existing in those particular cases that the relationship between the parties was not a partnership, and numerous other authorities have been cited in which various tests of a partnership have been applied; but after a consideration of all of them, we are of the opinion that the best guide for us in this state is the above statutory provision, which prescribes as a test an association of two or more individuals for the purpose of carrying on business together and dividing its profits between them. This statutory definition includes the most generally accepted definition of partnership laid down in 20 R. C. L., sec. 36, in the following words:

"The particular test as to the existence of the partnership relation which is most widely accepted today and which is applicable especially as between the parties themselves irrespective of the rights of third persons is that a partnership is formed and exists only when it was the intention of the parties that they should be partners."

In other words, it should appear from the evidence that it was the intention of the parties that they were entering into an association for carrying on business together and sharing the profits, which implies an agreement to divide the losses unless otherwise agreed. Section 8108, Comp. Stat. 1921. This rule is well expressed in 30 Cyc. 362 in the following language:

"It will not construe arrangements entered into by members of a family for domestic or co-operative purposes, as partnerships, without clear proof that the parties intended to form such business relations, nor will the joint ownership and control of property of itself be held to create a partnership between the owners. There must be evidence that the property was acquired and is used as a part of a common business carried on by the owners with a view of profit."

In the case at bar it appears to us that the testimony is clear and convincing that the parties acquired the property which was purchased for the purpose of using same as part of a common business, to be owned by them in common, disposed of as common property, and that the profits were used to purchase other property to be owned by them in common, and with the intention that each should share equally in the profits derived from the continuous and continual conduct of the business, and that this partnership continued for a number of years. We are not unmindful of the testimony of several witnesses who were well acquainted with both parties and who lived in the neighborhood to the effect that they had never heard of the existence of a partnership between plaintiff and her brother, and the testimony of several bankers with whom the deceased did business to the effect that they had never heard of the partnership relation, and that Mott procured loans during this period of time in his individual name, and that no business was handled in the partnership name. This testimony was entirely consistent with the other testimony tending to prove the existence of the partnership. It is clear that it was the intention from the beginning that the business should be handled entirely in the name of the deceased, and so far as

the plaintiff was concerned there was no occasion for her connection with the property accumulated by the deceased to be known to the public. So far as the banking transactions were concerned, it was considerably more convenient for the affairs to be handled in the name of the deceased than to attempt to handle it in the name of himself and his sister. While the money was borrowed in his individual name, it appears that it was loaned to him upon the strength of the property statements made by him to the bank, which property belonged to the partnership, and the partnership property was largely the basis of credit extended to the deceased by the bank. The testimony shows that the deceased worked the farm belonging to the plaintiff and used the crops grown thereon for partnership purposes until he was married; but some of the witnesses testified that after the marriage, which was in December, 1903, Mott paid crop rent to his sister for this land from that time until 1906. There is some conflict in the testimony as to whether rent was paid from 1903 to 1906, and it is unnecessary for us to determine that question here, as it can be better decided by the trial court upon a retrial of the case.

In 1903 Mott purchased a quarter section of land and borrowed a considerable portion of the purchase money from the bank to make this purchase, but with the understanding with his sister that the partnership would not buy further live stock, but would sell off cattle and horses until the land was paid for. It does not appear from the evidence whether the land was paid for in that manner, or not, but even though the property of the partnership was sold and proceeds thereof used to pay for the land, it appears that it was not the intention of the parties that this land should be held as partnership land, but that Mott should have it as his individual property and be charged with it in the final settlement. It was understood between the parties that another quarter section would be purchased by them, which would belong to the plaintiff as her individual property, but this land was never purchased. Probably another tract of land was bought by Mott about the time of his marriage, but there is nothing to show that it was intended that this real estate should become partnership property. This real estate having been acquired by Mott as his individual property and with the understanding that the same should be charged to him in the final settlement, and with the knowledge and consent of his partner that

it should be so handled, the real estate is not to be regarded as a partnership asset.

"In determining whether particular real estate is firm property, or belongs to the partners as individuals, the courts seek to give effect to the intent of the partners, unless such a result would work a fraud upon third persons. That intent may be disclosed either by their conduct or by their agreement, either express or implied." 30 Cyc. 432.

Having concluded that the partnership existed between the parties, it is necessary to determine when the partnership terminated. No term was prescribed for the duration of the partnership, and it was therefore a partnership at will, and could be dissolved by the express will of either of the parties. Gorman v. Carlock, 72 Oklahoma, 179 Pac. 38. It appears to us that both parties considered the partnership terminated except for the purpose of converting the partnership property into cash and for making an accounting and settlement in 1906 when Mott moved from plaintiff's farm to his own land, and we conclude that the plaintiff is entitled to an accounting as of that date, with interest on the amount found due from that time. The evidence before us is not sufficient to enable us to reach a satisfactory conclusion as to the condition of the accounts between the parties at that time, and we are for that reason unable to render judgment in this case. The plaintiff evidently relied upon the testimony showing the value of the estate of the deceased at the time of his death, probably on the theory that all of the property was partnership property; but, since we have concluded that the partnership was terminated in 1906, this valuation at the time of the death of the deceased is of no assistance to us. There was testimony introduced that Mott stated in 1906 that the partnership property was of the value of $15,000, and it seems that it should have been possible to show what property the deceased had in 1906. at the time the partnership was terminated, but no evidence was offered in this connection. However that may be, the present record is not sufficient to enable us to make an accounting. Since it is our opinion that the judgment should be based upon a partnership accounting and not upon the theory of an indebtedness of the estate of the deceased to the plaintiff for money advanced, we conclude that the judgment of the trial court in favor of the plaintiff of $2,000 is erroneous.

The defendant contends that, even though a general partnership existed, it having terminated in 1906, plaintiff's cause of ac-

tion arose then, and after a lapse of three years is barred by statute of limitations. Patterson v. Bonner, 73 Oklahoma, 175 Pac. 826, is cited as authority that an action to recover a share of partnership losses cannot be maintained after a lapse of three years from the date the cause of action accrued. The question here is, When did the cause of action accrue? It is clear that from the time the partnership terminated until the time Mott died, plaintiff repeatedly attempted to procure a settlement, but upon each occasion Mott convinced her it would be necessary to sacrifice the partnership property in order to make settlement, and the settlement was not had for this reason. Under these circumstances he was trustee of the partnership property for liquidation, and, having at no time repudiated the trust, the cause of action did not arise until a repudiation of the trust after his death.

As to the contention that the cause of action is barred by the laches of plaintiff in instituting this suit and that by reason thereof documentary evidence has been destroyed and witnesses are not available, it is sufficient to say that the circumstances in the case are not such as appeal to a court of equity to bar plaintiff's claim; on the contrary, equity requires that plaintiff be permitted to recover unless barred by statutory limitations.

In Riddle v. Whitehill, 135 U. S. 621, the court said:

"Where, however, partnership affairs are being wound up in due course, without antagonism between the parties, or cause for judicial interference; where assets are being realized upon and liabilities extinguished, and no settlement has been made, the cause of action has not accrued, and the statute has not begun to run. * * * When the right of action accrued so as to set the statute of limitation in motion, depends, as we have said, upon circumstances, and cannot be held as matter of law to arise at the date of the dissolution, or to be carried back by relation to that date."

See, also, Causler v. Wharton, 62 Ala. 358; King v. Hamilton, 16 Ill. 190; Condrey v. Gilliam, 60 Mo. 86; Carroll v. Evans, 27 Tex. 262.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, NICHOLSON, BRANSON, and MASON, JJ., concur.