McMURTRAY v. HAMILTON.

No. 30498. Dec. 22, 1942.

*132 P. 2d 335.*

658

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Marion Henderson, of Pauls Valley, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred as as defendant, to recover the sum of $2,543.40 and to have a lien for said amount impressed upon the one-half interest of the defendant in a certain tract of land which had been purchased by the parties on May 13, 1921.

The issues drawn by the pleadings of the respective parties were whether they were partners or joint adventurers in the transaction here involved, and if the latter, then what amount, if any, plaintiff was entitled to have charged against the interest of the defendant in the land involved.

The parties waived a jury and tried the cause to the court. The court made and filed written findings of fact and conclusions of law. The court found as a matter of fact that the parties had purchased the tract of land involved as joint adventurers and not as partners, and that plaintiff had expended the sum of $1,400 of his money in payment for said land, no part of which had been repaid him by the defendant, and concluded as a matter of law that plaintiff was entitled to maintain the action

and to recover from the defendant one-half of the sum of $1,400 expended by plaintiff in the acquisition of the land and to have a lien impressed upon the interest of the defendant in the land involved to secure the payment of said sum. Judgment followed the findings of fact so made and the conclusions of law so drawn. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of the judgment the defendant contends, in substance, that the evidence discloses that he and plaintiff were partners in the transaction here involved, and hence the action was one which plaintiff could not maintain, and that if it does not, then that the evidence was insufficient to sustain a judgment in favor of the plaintiff for the amount allowed by the trial court.

The action being one of legal cognizance tried to the court without the intervention of a jury, the judgment of the court must be accorded the same consideration as the verdict of a properly instructed jury. Oklahoma Natural Gas Co. v. Shirley, 190 Okla. 319, 123 P. 2d 669. We therefore first look to the evidence to ascertain whether the finding that the parties were not partners in the transaction here involved is reasonably sustained by competent evidence. We find that the evidence, while not as full and satisfactory as it might have been, tended to show that plaintiff and defendant had, commencing with the year 1915, engaged in a number of ventures of various kinds; that all of these transactions were carried out separately and distinct from the employment in which both were then engaged in a bank in Pauls Valley, and that in the ordinary course of events the parties would divide any profits which they obtained from any particular venture as soon as materialized; that the particular tract of land here involved was acquired by the parties about May 13, 1921, by an application of certain funds which they then had in a joint account and by the assumption of an existing mortgage indebtedness on the property; that plain-

tiff subsequently paid this mortgage indebtedness; that the parties had at least one other transaction of a similar nature wherein defendant here was plaintiff and the plaintiff here was defendant, and which was treated as a joint adventure, and that from the facts and circumstances shown in the instant case there was presented to the trial court a disputed question of fact as to whether the transaction here involved was a partnership one or otherwise. It is well settled that under such circumstances the determination of such issue is to be made by the trier of the facts. McCoy & Son v. First Nat. Bank of Cleveland, 123 Okla. 170, 252 P. 404; Cobb v. Martin, 32 Okla. 588, 123 P. 422; Foster v. Wilkinson, 96 Okla. 110, 220 P. 325.

We are of the opinion that, measured by the rule announced in the foregoing cases, the finding of the trial court that a partnership did not exist in the transaction here involved is supported by competent evidence.

This leaves for consideration the question of whether the evidence was sufficient to sustain the judgment in favor of the plaintiff for the amount found by the trial court. As hereinabove stated, the evidence showed that plaintiff had expended not less than $1,400 in payment of the mortgage indebtedness against the lands in question, and defendant admitted that he had never repaid the plaintiff any part of said sum. We therefore are of the opinion that the evidence clearly sustains the trial court in the recovery allowed plaintiff in this case. The defendant nowhere undertakes to show wherein the evidence is insufficient to sustain the judgment, but merely urges that since the evidence introduced was not as clear and convincing and as explicit as to details of the transaction as it might have been, therefore all of the evidence should be treated as of no value and disregarded. We are unable to agree with the contention so made. We are of the opinion that, taking the record as a whole, the evidence reasonably tends to support the findings of fact and conclusions of law of the trial court in every particular, and that the contentions advanced here by the defendant present no prejudicial error.

In view of the conclusion thus reached, the judgment should be and the same is hereby affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., not participating. RILEY and BAYLESS, JJ., absent.