No. 20,263.

BERNICE F. ROSSI *v.* GEORGE ROSSI, ET AL., ETC.
(389 P. [2d] 191)

Decided December 23, 1963.    Rehearing denied February 24, 1964.

Mr. NICHOLAS MAGILL, for plaintiff in error.

Mr. ROBERT H. GLEASON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error seeks a review of a judgment of the district court of Routt County, Colorado, in an action for a partnership accounting. The parties appear here as they were aligned in the trial court and will be referred to as they there appeared or by name.

Plaintiff is the widow and sole heir at law of Leo Rossi who died without a will in June of 1959. Leo was one of five partners in a family partnership, presided over by George Rossi who was both uncle and stepfather to Leo. Joe, Robert and Tom, all sons of George, were the other partners. George first engaged

in the ranching and cattle business as an individual and sole proprietor, but prior to the formation of the partnership listed his wife, Amelia, as joint owner of his property. Amelia is the mother of Leo. In 1949 the co-partnership with his sons and stepson was formed under the name of "George Rossi & Sons."

The partnership was in operation until Leo withdrew from it in October 1958. His participation up until that time in the profits is not questioned, the subject of the litigation being limited to a determination of Leo's one-fifth share of the distributable assets upon the dissolution of the partnership in 1958. This had not been accomplished before his death less than a year later, so the widow brought suit. Her contention is that George donated the initial capital to his sons equally, or if he did not, at least Amelia made a donation of her half of the property. On this theory Leo would be entitled to a return of one-fifth of the original capital.

There was no formal partnership agreement, but it was stipulated that the parties were equal partners.

The summary of argument purports to list eleven assignments of error. In content, however, they consist of eleven specific objections to the findings of the trial court, which, it is alleged, were "against the manifest weight of the evidence."

The theory upon which this writ of error is grounded is the following statement in the brief:

*"With the exception of the testimony as to livestock valuations, and the quantity of hay, the evidence pertaining to all other issues herein presented is essentially documentary,* and the Supreme Court may review and weigh the documentary evidence, and make its own findings thereon, unhampered by any finding of the trial court." (Emphasis supplied.)

Cited as authority for this proposition are: *Conklin v. Shaw,* 67 Colo. 169, 177, 185 Pac. 661; *Holmes v. Jewett,* 55 Colo. 187, 191, 134 Pac. 665; *Empire Co. v. Mason,* 22 C. A. 612, 616, 126 Pac. 1129.

24

■ The cases relied upon by plaintiff in error do not refer to disputed questions of fact and do not overrule or modify the repeated and consistent holdings of this court that the findings of a trial court sitting without a jury are binding on review unless the evidence is wholly insufficient to sustain them. *White v. Kehmeier*, 147 Colo. 78, 362 P. (2d) 860; *Andersen-Randolph Co. Inc. v. Sam T. Taylor*, 146 Colo. 170, 361 P. (2d) 142.

In the Conklin case the court determined from the documents themselves whether proper notice was served, and it cannot be used as authority for the proposition that a disputed accounting suit will be resolved at the appellate level.

In the Holmes case the evidence was entirely in a deposition and was not in dispute. The holding of the court was:

"There is *no conflict in the proof*. All the material facts are contained in the pleadings and the deposition of Brown, the secretary, taken in New York by the plaintiff, under the statute as upon cross examination, * * * ."

In the Empire case there was before the court a pure question of law on the construction of a document.

In the case at bar the trial court correctly analyzed the problem with the following comment:

"The evidence in the main is a blizzard of checks, deposit slips, sales accounts, income tax returns, county tax schedules and other memoranda. There was no partnership agreement defining the scope, initial assets, contributions, shares, rights and liabilities of the partners or procedure on dissolution. * * * The exhibits, 150 or so, are in few if any instances conclusive. Each is qualified or modified by another, and the qualifying exhibits qualified and affected by still others, and so on. * * * So it seems that counsel are about $150,000.00 apart in their ideas of the subject matter of this action."

■ The action of the trial court is sustainable under the Uniform Partnership Act, particularly C.R.S. '53,

104-1-18 and 104-1-40 (2). Therein it is provided that each partner be repaid his contribution, and that the partners share equally in the profits and surplus after all liabilities, including those to the partners, be satisfied. It is further provided that in the settlement of accounts between the partners after dissolution the individual partner shall be repaid his capital contributions.

The court in determining this controversy followed the statute; determined, and rightfully so, from the evidence in the record, that George made the sole and only contribution of the starting capital of this partnership. He was entitled to repayment of the total value of his contribution. This included cash, the initial herd of cattle, machinery, etc. When this was returned to him the surplus remaining, as the court found, was $10,447.30. One-fifth of that amount, together with interest from the date of dissolution, was the judgment entered by the court, and is correct.

We note but one error in the calculation of the court which does not change the result. The court among the assets in the partnership on October 15, 1958, included an item of $8,072.80 labeled "George's withdrawals." This sum was in the category of repayment of part of George's original capital contribution. Consequently this item should be deleted from the assets and the total liabilities after dissolution should be reduced by the same amount. The surplus remains the same.

Judgment affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.