The GATES RUBBER COMPANY, a corporation, Appellant,

v.

Price B. WILLIFORD et al., Respondents.

No. KCD 26970.

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 19,1975.

Thomas A. Schwindt, Berman, DeLeve, Kuchan & Chapman, Kansas City, for appellant.

Michael J. Albano, Graham, Paden, Welch, Martin & Tittle, Independence, for respondents.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

On November 7, 1969, The Gates Rubber Company, a corporation, obtained a judgment in the Jackson County Circuit Court against Samuel H. Deese for $3,987.31. Pursuant to the application of Gates, the circuit court issued an order charging the interest of Deese, if any, in a partnership consisting of Deese, Price Williford, Duren Sleyster and Mark Deese, with the payment of the judgment. A special execution issued, pursuant to which Samuel Deese's interest in the partnership was sold at public sale to Gates for $500.00. Gates thereafter brought this action against Williford, Williford's wife, Sleyster, Sleyster's wife and Mark Deese. By Count I of the action, Gates sought a dissolution of the partnership, an accounting as to the partnership profits, losses and affairs and for a proper distribution of the net assets of the partnership. Count II sought to quiet title in the partnership to real estate, alleged to have been acquired with the funds of the partnership, title to which was held by Williford and Sleyster. By their answer, defendants alleged that Williford, prior to the sheriff's sale, had acquired the interest of Deese in the partnership and that "there is no interest with which the petition herein is applicable." At a trial of the cause, the court sustained defendants' motion to dismiss plaintiff's cause of action at the close of plaintiff's case. This appeal followed.

In February, 1963, Samuel H. Deese, Mark E. Deese, Price B. Williford and Duren N. Sleyster entered into an oral partnership to engage in the business of manufacturing and selling furniture. The partnership name was "Diversified Activities." The business operated under the name "Bishop Furniture Company," at a building

at 1341 Knox, North Kansas City, Missouri. The partnership arrangement was for a 25% interest in each partner.

The real estate described in Count II of plaintiff's petition was the property at 1341 Knox. It was conveyed by the Small Business Administration to Williford and Sleyster on or about December 27, 1963. Williford advanced a portion of the money for the down payment of the purchase price, but was reimbursed by the partnership. The partnership provided the balance of the down payment. The balance of the purchase price was borrowed from the Raytown Bank and Williford and Sleyster and their wives executed a deed of trust on the property to secure the indebtedness. Payments on the note through March 11, 1969 were made by the partnership. The land and building were shown as an asset on the books of the partnership until at least February 28, 1969. In answer to interrogatories, in connection with this case, Williford and Sleyster asserted ownership of a 25% interest in the property.

The partnership operated at a profit in 1967 of $36,800.01, shared equally among the four partners according to the partnership's federal income tax return. The next two years were less successful, with a los of $78,532.06 for the year ending December 31, 1968, and a loss of $79,588.72 for the following year, again equally apportioned among the four partners. Sometime during 1969, the inventory of the Bishop Furniture Company was sold. The record is silent as to subsequent activity of the partnership.

On November 7, 1969, appellant, The Gates Rubber Company, obtained a judgment in the Jackson County Circuit Court against Samuel H. Deese for $3,987.31.

On January 16, 1970, appellant, pursuant to § 358.280, RSMo 1969, filed an application for an order charging the interest of Samuel H. Deese in the partnership with the payment of the judgment debt. An order was issued directed to Deese, Williford, Sleyster and Mark Deese, calling upon them to answer Gate's application and show cause why an order should not be issued charging the interest of Deese.

A hearing was held on February 6, 1970, at which the four partners were represented by attorneys. The court found the existence of the unpaid judgment debt and further found "that the said Samuel H. Deese is a partner in the firm of Diversified Activities, d/b/a Bishop Furniture Company, a partnership consisting of Samuel H. Deese, Price Williford, Duren Sleyster, and Mark Deese, with place of business at 1345 Knox in North Kansas City, Missouri."

The order continued:

"IT IS THEREFORE ORDERED that the interest of said Samuel H. Deese, if any, in the said partnership of Samuel H. Deese, Price Williford, Duren Sleyster and Mark Deese, known as Diversified Activities, and doing business under the name of Bishop Furniture Company, is hereby charged with the payment of said sum of $3,987.31, the unsatisfied amount of said judgment debt, together with the interest thereon and with the costs of collection of said unsatisfied judgment debt and interest thereon; *   *."

A special execution was issued, ordering the sale of Deese's interest in the partnership to satisfy the judgment. On April 20, 1971, the sheriff, at public vendue, sold the interest of Deese to appellant for $500.00. A Sheriff's Bill of Sale issued and the court confirmed the sale on May 19, 1971.

The petition in this case was filed May 26, 1971. It alleged the existence of the partnership and generally the matters above recited. It further alleged that since on or before April 9, 1970, the partnership had not engaged in the business of manufacturing and selling furniture, but that no steps

had been taken to liquidate the partnership. It alleged the ownership by the partnership of the building at 1341 Knox and that Williford and Sleyster were receiving rent and profits therefrom without accounting therefor to plaintiff. Count II related to the ownership of the real property. By their answer, defendants alleged that plaintiff had no interest in the partnership because Williford had purchased the interest of Samuel Deese on February 28, 1969.

At the trial of the case, plaintiff introduced documentary evidence which included income tax returns of the partnership, the Willifords and the Sleysters, the record of the charging procedure in the circuit court and profit and loss records of the partnership for the years 1968 and 1969. The accountant who prepared the profit and loss statement also testified on behalf of plaintiff. Plaintiff's attempt to show by that witness statements by Williford to him in February, 1969, as to the partnership's members, was precluded by an objection of defendants, sustained by the trial court, based upon the failure of plaintiff, in response to interrogatories, to indicate that the witness would be relied upon as a source of evidence of matters alleged in plaintiff's petition.

At the conclusion of plaintiff's case, defendants' motion to dismiss was sustained, the trial court in its order reciting that plaintiff had failed to introduce evidence that its predecessor, Samuel Deese, had an interest in the partnership and that plaintiff had failed to prove that it had an interest in the partnership. After its motion for new trial had been overruled, this appeal followed.

Appellant here contends that the evidence below was sufficient to show that Deese had an interest in the partnership which it acquired by virtue of the sheriff's sale, following the charging order. Appellant points to all of the evidence which it adduced in support of its position, but its primary reliance was upon the finding of the court in the charging order of the existence of the partnership and of Deese's interest in the partnership. Respondents contend that the charging order is directed at Deese's interest, "if any," in the partnership negates any finding in the order of the existence of such a partnership and Deese's interest in it.

The application for the charging order alleged the existence of the partnership and Deese's interest therein. The order directed to the respondents directed them to appear and show cause why the interest of Deese in the partnership should not be charged with the payment of appellant's judgment. By their attorneys, respondents did appear at the show cause hearing. The respondents filed no formal response to the application for the charging order but they must be held responsible for knowing the possible adverse effect upon their partnership interest which a charging order would produce. Insofar as they were concerned, the proceeding was an adversary one and they took no steps to appeal the order, adverse to their interests. See *Ribero v. Callaway*, 87 Cal.App. 135, 196 P.2d 109, 111–112[2, 3] (1948). Respondents are now estopped to question the affirmative finding of the court that said Samuel H. Deese is a partner in the firm of Diversified Activities. *Tupper v. Kroc*, 88 Nev. 146, 494 P.2d 1275, 1278[2, 3] (1972).

The fact that the order charged Deese's interest, "if any," does not negate the affirmative finding of the court of the existence of the partnership and of Deese's interest. The "if any" condition was nothing more than a recognition of the nature of Deese's interest. Under § 358.260, "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." Thus Deese would have had an interest subject to being charged only if the partnership had profits and surplus, unknown factors at that time and a matter certainly of possible doubt in view of the then dormant status of the firm's business activity.

Respondents' attempt to justify the trial court's ruling on the grounds that ap-

pellant made an election of remedies which destroyed any right it obtained under the charging order is without merit. The sale of the partner's interest subject to the charging order is authorized by § 385.280. The purchaser of the interest at such sale has the right to apply thereafter for the dissolution of a partnership at will, such as this was. § 358.320, subd. 2(2). Thus, the action here taken was entirely consistent with the charging order and no question of election of remedies is involved.

 This being an equity case, this court on appeal reviews the evidence and arrives at its own conclusions of fact and law. There is no question of resolving conflicting testimony in this case and therefore no deference is to be accorded the trial court's findings. Furthermore, defendants having rested their case on a motion to dismiss at the close of plaintiff's case, they are considered to have submitted the case for final determination on plaintiff's evidence. *Hoynes v. Hoynes*, 218 S.W.2d 823, 828[3] (Mo.App.1949); *Lee v. Smith*, 484 S.W.2d 38, 42[3] (Mo.App.1972).

In this situation, as above indicated, plaintiff's evidence did show that it was entitled to the relief sought in Count I of its petition. As for Count II, plaintiffs' evidence showed that, although the property there described was acquired in the name of Sleyster and Williford, the evidence further showed that they were reimbursed by the partnership for funds they advanced for the purchase; that payments on the loan made to provide a portion of the purchase price were made from partnership funds through early 1969; that the partnership paid the taxes on the property through 1967 and established a tax reserve with a bank for payment of the 1968 taxes; that the partnership paid the insurance premiums on the property through 1968; that the property was carried as an asset on the books of the partnership and was depreciated on the partnership income tax returns. Finally, in response to interrogatories, respondents each claimed a 25% interest in the property and named the Deeses as owners of the other interests in the property.

Plaintiff's evidence, therefore, did establish that the real estate in question was partnership property. The trial court should have so decreed in response to Count II of plaintiff's petition.

Judgment reversed and cause remanded with direction to enter new decree, granting plaintiff relief sought in both counts of its petition.

Respondents' motion to dismiss the appeal for failure of appellant's brief to comply with the rules, taken with the case, is overruled.

Reversed and remanded.

All concur.