**In re Albert V. TOOMEY & Rose M. Edwards, a partnership, etc., Debtor.**

**Bankruptcy No. 83–01302–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 3, 1983.

J. Terence McManus, North Palm Beach, Fla., for debtor.

L. Louis Mrachek, Palm Beach, Fla., for bank.

## ORDER DENYING MOTION TO ANNUL AUTOMATIC STAY

THOMAS C. BRITTON, Bankruptcy Judge.

A Palm Beach bank has moved the court to annul the automatic stay with respect to certain real property, the record title to which is held in the names of Toomey and Edwards as tenants-in-common without any indication that they are partners or that this property is a partnership asset. The debtor in this chapter 11 case, filed July 15, is a partnership comprised of the two individuals. The property in question is scheduled as a partnership asset. The motion, which was heard on September 20, is denied.

The automatic stay protects all property which was "property of the estate" on the date of bankruptcy or thereafter became property of the estate. § 362(a). The property of the estate includes the debtor's equitable as well as legal interests. § 541(a)(1). In Florida, partnership property is defined by statute:

"All property originally brought into the partnership or subsequently acquired by purchase or otherwise on account of the partnership is partnership property." Fla.Stat. § 620.595(1).

A partnership is a creature of contract and requires no special formality. *Matter of Ward,* 6 B.R. 93, 94 (Bkrtcy.M.D. Fla.1980).

I find that on the date of bankruptcy the two individuals who held record title to the property in question were partners and that the property in question was then partnership property. The partners had the right to contribute any property they wished to the partnership. Their intention to contribute this property to the partnership is undisputed and no formal act was necessary for them to do so. *Fuller v. Pierce,* 92 Fla. 129, 109 So. 238 (1926); 8 *Fla.Jur.2d,* Business Relationships, § 486.

It is movant's concern that this is a scheme on the part of the individuals to avoid personal liability for the partnership debts. There is no basis for this concern. The individuals remain jointly and severally liable for all partnership obligations which exceed the value of the partnership assets.

Movant has shown no basis to annul the automatic stay.